RICHARD O. BEARD, Administrator, *vs.* FIRST NATIONAL BANK OF MINNEAPOLIS.

## July 2, 1889.

**Harmless Error—Evidence of Fact already Proved.**—It is harmless error to receive proof of a fact which had already been shown by evidence which was not objected to, and which the opposing party has not sought to have stricken out.

**Evidence—Declarations of Third Person.**—The declarations of a person, not a party to the action, as to the nature of his claim or title to property, are not to be received in evidence, unless it appears that the declaration was made while he held the property. They are not admissible if made after his interest had ceased, or had been transferred to another.

**Pleading—Denial of Plaintiff's Title—Evidence.**—A denial in an answer of the alleged title or ownership of personal property which is the subject of the action is sufficient, as a pleading, to support the defendant's claim that the alleged ownership had been transferred to another by gift.

Evidence *held* sufficient to justify the verdict.

ON PETITION FOR REARGUMENT. July 29, 1889.

**Entire Offer Including Incompetent Evidence.**—An entire offer of evidence, embracing incompetent as well as competent testimony, *held* rightly rejected.

Plaintiff, as administratrix of the estate of Pauline Ende, deceased, brought this action in the municipal court of Minneapolis, to recover the amount ($150) of a certificate of deposit, in the usual form, issued by defendant in favor of Pauline Ende in her lifetime. The answer admitted the issue of the certificate to the intestate, but denied that she held it or had any interest in it at the time of her death. After the decision of a former appeal, (39 Minn. 546,) the action was again tried, and defendant had a verdict. The plaintiff appeals from an order refusing a new trial. It appeared at the trial that Pauline Ende died December 30, 1885, and that on January 11, 1886, the defendant paid to her son, Julius Ende, the amount of the certificate. The defendant introduced evidence tending to prove that the intestate,

on the day before her death, made a gift of the certificate to Julius Ende. In rebuttal, the plaintiff testifying on his own behalf, his counsel offered to prove "that Julius Ende told witness, five or six days after the death of Pauline Ende, at the house of Julius Ende in Minneapolis, that he claimed the certificate only as heir of Pauline Ende, and that the reason the defendant would not pay the same was because they required him to prove that he was the only heir of Pauline Ende, and he had not done so; and that Julius told him same as a reason for not paying what was owing witness from Pauline Ende, and upon the demand of witness for such payment." On defendant's objection the offer was refused, and plaintiff excepted. Other exceptions to evidence at the trial, and to the amendment of the answer after verdict, are stated in the opinion.

*Fred. W. Reed*, for appellant.

*J. L. Dobbin*, for respondent.

DICKINSON, J. The decision upon a former appeal in this case is reported in 39 Minn. 546, (40 N. W. Rep. 842.) The case now before us presents the proceedings at the second trial of the cause. The third assignment of error relates to the receiving of evidence that Julius Ende paid part of the money, received upon the certificate of deposit, to the undertaker for funeral expenses of his mother. If this was error, it was without prejudice, for the witness had testified to the same fact before the question was asked to which the objection was interposed; and the testimony thus given without objection was allowed to stand, no motion having been made to strike it out.

The offer to prove by the testimony of the plaintiff that, five or six days after the death of Pauline Ende, Julius Ende told the plaintiff that he claimed the certificate only as her "heir," was rightfully excluded, for the reason, if for no other, that it was not offered to be shown, and it had not been shown, that at that time Julius held the certificate. If it had already been paid and taken up by the bank, the declaration of Julius thereafter made would come within the ordinary rule excluding hearsay evidence. He was neither a party to this action nor a witness at this trial. The certificate was shown to have been thus paid on the 11th day of January, 1886. It had not been shown when Mrs. Ende died, and so far as the case showed the

declaration referred to in the offer may have been after the certificate had been paid, and had passed from the possession of Julius. It is true that the complaint alleges the death of Mrs. Ende to have taken place on the 30th of December, 1885, but, in view of the clause in the nature of a general denial embodied in the answer, that cannot be deemed to have been admitted as being the time of her death.

The evidence was sufficient to justify the finding that on the day prior to her death Mrs. Ende made a complete executed gift of the certificate to Julius. The original answer denying that Mrs. Ende was the owner of the certificate at the time of her death was sufficient to present the issue which was tried—that is, whether such a gift had been made. It is hence unnecessary to consider the error assigned in allowing an amendment of the answer after verdict. The other points in the case do not deserve particular mention.

Order affirmed.

The following opinion was filed on motion by plaintiff for a reargument.

DICKINSON, J. Upon a re-examination of this case, after an application had been made for a reargument, it is discovered that we were in error when, in the opinion heretofore filed, it was said that the case did not disclose the time of the death of Mrs. Ende. That fact does appear, and it must be considered that the offer of evidence relates to a declaration of Julius Ende after he had acquired possession of the certificate of deposit and while he held it. But the offer was properly rejected, for the reason that it embraced matter not in disparagement of the title of the declarant, nor against his interest, and which, therefore, being only secondary or hearsay evidence, was not admissible. The offer was entire, and there was coupled with this proposed showing of the declaration in disparagement of title the further statement by Julius, that "the reason the defendant would not pay the certificate was because they required him to prove that he was the only heir of Pauline Ende, and he had not yet done so." This was not within any exception to the rule excluding mere hearsay testimony. It is true that if this were a part of an entire conversation the *adverse* party might have brought it out on cross-examination.

It was not admissible on the part of the plaintiff. The intimation in the former opinion, that the ruling of the court might be sustained for reasons not therein assigned, referred to this feature of the case. While our decision, as before announced, was put upon a ground not sustainable by the facts of the case, yet, in view of the reason here stated, the decision should stand unchanged, and the application for a reargument is denied.