THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in
Error, vs. EDWARD AMBACH, Plaintiff in Error.

*Opinion filed December 21, 1910.*

1. CRIMINAL LAW—*when instructions must be accurate and free
from substantial error.* In a prosecution for rape, where the truth
of the charge rests upon the unsupported testimony of the prose-
cuting witness, contradicted by the testimony of the defendant, the
instructions must be accurate and free from substantial error, par-
ticularly where there is that in the testimony of the prosecuting
witness which must naturally excite some suspicion and distrust.

2. SAME—*when it is error to give instructions relating to cir-
cumstantial evidence.* It is error, in a prosecution for rape, to
give several instructions upon the right of the jury to consider and
convict upon circumstantial evidence, even though they may cor-
rectly state the law, where the guilt of the defendant is not de-
pendent upon any circumstances proven at the trial but solely upon
the facts testified to by the prosecuting witness.

3. SAME—*when instruction as to presumption of innocence is
erroneous and misleading.* An instruction telling the jury that the
presumption that the defendant is innocent remains until such time
"as the minds of the jury are convinced, from the evidence, that
he is guilty," and that they are to "start out on the proposition
that this man is innocent; now, has the State proved his guilt and
proved it beyond a reasonable doubt?" is erroneous and misleading.

4. SAME—*argument to jury is an important element of the trial.*
The purpose of the arguments of counsel to the jury is to aid in
arriving at the truth and obtaining a just verdict, and for the
court to instruct the jury in such language as amounts to a direc-
tion to disregard the arguments of counsel entirely, is to deprive
the parties litigant, in a substantial measure, of the benefit of coun-
sel, and is error.

HAND and CARTER, JJ., dissenting.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. RICHARD S. TUTHILL, Judge, presiding.

CHARLES E. ERBSTEIN, and LOUIS GREENBERG, for
plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W.
WAYMAN, State's Attorney, (ROBERT E. CROWE, of coun-
sel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of rape and his punishment fixed at imprisonment in the penitentiary for one year. The indictment charged him with having committed rape by having carnal knowledge of Annie Lawrence, a female under sixteen years of age. The prosecuting witness, Annie Lawrence, was the only witness who testified for the prosecution and plaintiff in error was the only witness who testified in his behalf. At the conclusion of the evidence, by agreement between the State's attorney and counsel for plaintiff in error, the court instructed the jury orally. The grounds relied upon by plaintiff in error for reversal of the judgment are that the evidence is not sufficient to sustain the verdict and judgment, and that the court erred in giving instructions.

Annie Lawrence testified she was born in 1893, and was at the time of the commission of the alleged offense residing with her mother in the city of Chicago. Plaintiff in error was rooming at her mother's house. She testified that on the evening of April 15, 1908, her mother was absent from the house; that she (the witness) had a headache and was lying on a couch in the front room of the house, with her clothes on; that plaintiff in error came in the room, stayed a few minutes, "lifted up my clothes and then he got the best of me; he opened his clothes; he put his private person into my private person." The witness did not tell her mother for two or three days,—said she was afraid. She also testified plaintiff in error had done the same thing about two weeks before. This is the substance of the material testimony of the prosecuting witness on direct examination. On cross-examination she was shown by counsel for plaintiff in error, Charles E. Erbstein, a paper bearing her signature and purporting to have

been sworn to by her before said Erbstein, which she admitted she signed in Erbstein's office. The paper is as follows:

"STATE OF ILLINOIS, ⎱ *ss.*    In the Criminal Court
  *Cook County.* ⎰        of Cook county.

"The People of the State of Illinois vs. Edward Ambach.

"Anna Lawrence being first duly sworn, upon her oath deposes and says that she is the complaining witness in the above entitled cause; that the statements made by this affiant before the grand jury of Cook county, Illinois, which resulted in the indictment of the said Edward Ambach, were false and untrue, and that the said Edward Ambach is not guilty of the charge of rape preferred against him by this affiant; that this affiant is making this statement of her own free will, without any promise of reward, and that no threats have been made to induce her to make this affidavit, and that the same is true in substance and matter of fact.

ANNA LAWRENCE.

"Subscribed and sworn to before me this 23d day of November, A. D. 1909.            CHARLES E. ERBSTEIN."

At the time the paper was signed the witness had gone to Mr. Erbstein's office with her mother. Mr. Erbstein had shortly before that defended her mother upon a criminal charge, and the mother, subsequent to the time of the alleged rape, married the brother of plaintiff in error. The witness testified that Mr. Erbstein asked her if she knew why she had been brought to his office, and that she replied she came to tell the truth; that Erbstein told her if she was in fear of her mother or anyone else he did not want her to stay in his office; that Erbstein then asked her whether she had ever had intercourse with plaintiff in error, and that she replied that she had not; that Erbstein asked her whether she was telling the truth, and she replied she was. The witness testified she understood she was asked whether plaintiff in error was the first man who had had intercourse with her, and that she said no, he was not; that another man by the name of Prudam was the first man who had had intercourse with her. The witness testified that she was in no fear when she signed the paper and she was not compelled to sign it by anybody. She

further testified she did not know the meaning of the term "rape," and she had never been told that if a man had intercourse with a girl under sixteen years of age it was rape.

Plaintiff in error testified he was at the time of the trial twenty-six years of age and was on the day of the alleged crime rooming in the house of the mother of the prosecuting witness, but denied that he had intercourse with the prosecuting witness at the time alleged or at any other time.

The circumstances and surroundings under which the statement above set out was obtained, together with the witness' explanation of what she understood she was signing, tend to affect its value as impeachment or as discrediting the witness. But aside from the paper, the truth of the charge rests upon the unsupported testimony of the prosecuting witness, contradicted by the testimony of the plaintiff in error. This would not alone justify a reversal of the judgment, but it is apparent that there is that in the testimony of the prosecuting witness, leaving out of consideration the statement signed by her, which must naturally excite some suspicion and distrust. The case made by the evidence was such that the instructions as to the law governing the case and the rights of defendant should have been accurate and free from prejudicial error.

The court instructed the jury that circumstantial evidence is competent legal evidence, and if they were convinced of the truth of the charge, beyond a reasonable doubt, from facts and circumstances in proof, they would be authorized to convict the defendant; also that "circumstantial evidence in a criminal case is the proof of such facts and circumstances connected with or surrounding the commission of the crime charged as tends to show the guilt or innocence of the charge, and if facts and circumstances shown by the evidence in this case are sufficient to satisfy the jury of the guilt of the defendant beyond

a reasonable doubt, then such evidence is sufficient to authorize the jury in finding the defendant guilty. The law demands a conviction wherever there is sufficient legal evidence to establish the defendant's guilt beyond a reasonable doubt, and circumstantial evidence is legal evidence." Conceding that this instruction states the law correctly, we are unable to perceive why it should have been given in this case, as the plaintiff in error's guilt was not dependent upon any circumstances proven, but if found guilty at all, it could only have been upon facts testified to by the prosecuting witness. The giving of such an instruction where there is no evidence to base it upon was held erroneous in *Kevern* v. *People,* 224 Ill. 170.

The court also instructed the jury that plaintiff in error was presumed to be innocent, "and that presumption remains until such time as the minds of the jury are convinced, from the evidence, that he is guilty. * * * You are to just start out and just say, without regard to the indictment: 'Now, we have got to start out on the proposition that this man is innocent; now, has the State proved his guilt and proved it beyond a reasonable doubt?' " An instruction not similar in language but similar in principle to this one was held to be prejudicial error in *Flynn* v. *People,* 222 Ill. 303. It was there held that the jury were authorized, under the instruction, if they deemed the evidence for the prosecution sufficient to establish the guilt of the defendant beyond a reasonable doubt, to take from him the benefit of the presumption of innocence that continues throughout the trial and during the consideration of all the evidence, and find him guilty from a consideration of the evidence for the prosecution. The court said: "The defendant is entitled to the benefit of the presumption of innocence through all the steps of the trial and during the consideration of all the evidence by the jury after they have been instructed by the court, and until they determine, from a consideration of all the evidence, that the guilt of

the defendant has been established beyond a reasonable doubt. The presumption of innocence attends the accused at every stage of the proceedings until the jury agree upon a verdict."

The court further instructed the jury as follows:

"It is not what counsel say on either side,—it is what you have heard from the witnesses. You will have to rely on your own recollection about that. You are to decide it upon that. Counsel are here for a very high and important purpose,—to assist the court and assist the jury; but you are not to make the mistake at any time in saying, 'Well, the lawyer said so and so; he believed that was so and so.' That is not to influence you. You are to be influenced alone by the law as the court has told you it is, and by the evidence in the case as you believe it to be. The court cannot interfere with you in that respect and don't want to. Counsel have no right to interfere with you in your deciding what are the facts or what is the truth of this matter. That is for you."

In *Chicago Union Traction Co.* v. *O'Brien,* 219 Ill. 303, an instruction was given telling the jury that denunciation of witnesses by counsel should not influence the jury to disregard or disbelieve the testimony of any unimpeached witness. This was held erroneous, and the court said, on page 307: "The instruction, in effect, advised the jury that there was a rule of law that they must not be influenced by the argument of counsel to disregard or disbelieve the testimony of any witness unless such witness had been impeached. The jury are to decide questions of fact, and the purpose of argument by counsel is to induce them to decide such questions in accordance with the claims and theories of counsel. Where witnesses contradict each other, the object of argument is to influence the jury to believe the testimony of one and to disregard or disbelieve the testimony of the other. To that end counsel have a right to present to the jury, in argument, the inconsistencies and

contradictions of witnesses, to comment on their manner of testifying, their appearance upon the stand, the improbability of their statements, and anything else which will show that they are mistaken or unworthy of belief, and to denounce a witness as unreliable or untruthful when subjected to any of the tests for determining his credibility. It is the right of counsel to draw any and all proper inferences arising from the evidence in the case, tending to show that the testimony of witnesses is untrue. (*East St. Louis Connecting Railway Co.* v. *O'Hara,* 150 Ill. 580.) The instruction was erroneous in telling the jury that the credibility of a witness cannot be affected by the argument of counsel unless the witness is impeached, and in practically destroying the effect of argument on the credibility of witnesses or the weight to be given to their testimony."

The instruction in the case at bar, we think, was more prejudicial than the one condemned in the *O'Brien case.* It practically told the jury that they were to disregard the arguments of counsel entirely. It would have been entirely proper to have instructed the jury to give no weight or credit to any statement of fact made by counsel not supported by evidence; and this is perhaps what the court had in mind in delivering the oral charge, but it is not what was stated in the charge. In our jurisprudence it has always been considered that the argument of counsel in jury trials is an important element of the trial. If the arguments of counsel are to be disregarded by juries it would in a large measure deprive parties of the benefit of counsel. While the privilege of legitimate argument is sometimes abused, it would be a dangerous precedent to deny the benefit of it to parties litigant, to the court and to the jury. The object and purpose of argument is to aid in arriving at the truth and correct and just verdicts and judgments, and that it serves a useful purpose in the accomplishment of that end cannot be denied. In *Meredeth* v. *People,* 84 Ill. 479, this court said: "The argument of a cause is as

much a part of the trial as the hearing of evidence. It is a right in his defense secured by the law of the land, of which a citizen cannot be deprived."

Considering the state of the evidence, the errors in the instructions are of too grave a character for us to say that plaintiff in error was not prejudiced thereby. The judgment of the criminal court is therefore reversed and the cause remanded.

*Reversed and remanded.*

HAND and CARTER, JJ., dissenting.