## M. W. SVENSSON v. PETER LINDGREN.[1]

January 23, 1914.

Nos. 18,395—(214).

**Competency of witness — offer insufficient.**

1. Offer to show incompetency of witness, under G. S. 1913, § 8378, to testify to conversations with plaintiff's intestate, on the ground of interest "in the event" of the action by reason of agreement to pay the note sued on, *held* insufficient as importing merely a nudum pactum.

**Exclusion of evidence — error.**

2. Rejection of plaintiff's proffer of conversations had with defendant and his wife after maturity of the note in suit, involving admission of liability and tending to contradict and discredit their testimony, *held* reversible error.

**Charge to jury.**

3. Instruction *held* fatally erroneous as directing the jury, in effect, to disregard arguments of counsel.

[1] Reported in 145 N. W. 116.

Action in the district court for Ramsey county by the administrator of the estate of John Pearson, deceased, to recover $200 upon a promissory note. The case was tried before Catlin, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Harold Harris,* for appellant.

*David F. Peebles* and *P. A. Cosgrove,* for respondent.

PHILIP E. BROWN, J.

Action to recover the amount of a promissory note of date March 9, 1910, due November 1, 1910, bearing interest at six per cent per annum, and executed by defendant to plaintiff's intestate; defense, want of consideration; verdict for defendant. Plaintiff appealed from an order denying a new trial.

The errors assigned relate solely to admissions and exclusions of evidence and charge.

1. Defendant propounded to his wife, produced by him as a witness and testifying in his behalf, questions seeking to elicit conversations, claimed to have occurred between her and deceased and between the latter and defendant in her presence, concerning the consideration for the note, and which, if she was "interested in the event" of the action, were incompetent under G. S. 1913, § 8378, excluding evidence, by one so interested, of conversations with and admissions of a deceased person relative to matters at issue. Plaintiff objected to her so testifying on the ground of statutory disqualification, and in this connection offered to prove declarations by her to the effect that if the note were collected she would have to pay it, that she had taken it and the negotiations in regard to its payment into her hands, and had requested extension and "agreed at different times to pay it." On defendant's objection, the proffer was rejected, and plaintiff assigns error.

The burden rests on an objecting party to make the incompetency of a witness clearly appear, and the disqualifying interest must be pecuniary, legal, certain and immediate, in the event of the cause itself. Dunnell, Minn. Prac. § 710. Furthermore, offers of evidence must be sufficiently full and explicit to enable the court to see

therefrom, in connection with that already introduced, that something material will be disclosed.   3 Dunnell, Minn. Dig. § 9717.   Assuming then, without deciding, that a binding agreement by the witness to pay the note would render her "interested," the offer was nevertheless insufficient as importing merely a nudum pactum, which would not disqualify.

2.   Defendant testified in substance, his wife corroborating, that he gave the note to obtain funds to pay a mortgage on his property, maturing in November, 1910, deceased agreeing to send him the amount of the note later from the state of Washington where he resided, but failing so to do.   Plaintiff, in rebuttal, sought to show conversations had with these witnesses long after maturity of the note, to the effect that, being then unable to pay, they requested and obtained extension of time of payment, agreeing, if given time, to take care of the note.   The court, however, ruled such testimony improper as tending merely to establish admissions irrelevant to the issue of lack of consideration.   This was error.   The case was close on the facts, as may, perhaps, best be indicated by the following excerpts from the charge:                                  .

"As to the exact fact as to whether there was or was not a consideration here is not shown by one particle of testimony one way or the other, but you have a right to apply your judgment and your experience and your ordinary intelligence to all the facts which are presented by this testimony, take into consideration the statement of all the witnesses, including the wife of this man, and from all those circumstances determine whether this man took this note for the purpose of sending the money to St. Paul from Washington along in November to help them out on this mortgage;" and,

It "is for you alone to determine from all these facts and all this meager testimony and fragments that were gathered on the witness stand" whether there was consideration for the note.

And obviously plaintiff, being unable to present deceased's version of the transaction, was forced to rebut defendant's claims largely, if at all, by proof of the latter's conduct and admissions, which under plaintiff's offer were clearly relevant, not only as being inconsistent with the testimony of defendant and his wife but also as tending to

discredit it, and were furthermore not rendered inadmissible by their connection with plaintiff's attempts to collect. While, therefore, we are averse to reversals for error in exclusions of evidence, except where its admission might reasonably have resulted in a different verdict, we are satisfied that such a case is here presented.

3. The charge contains the following:

"But preponderance of testimony does not mean the quantity of testimony or the number of witnesses produced by either side, it does not mean that the jury is to consider anything that has been said by counsel in this case, because each counsel is doing the best he can to bring out his case and may have said some things he didn't necessarily expect the jury to believe, but at all events, whether they did or whether they did not, all the jury has to pass upon is the evidence of the witnesses and the papers and exhibits that have been received, and *the arguments and remarks made by counsel must be forgotten by the jury when they retire into the jury-room; that has nothing to do with this case;*" the portion in italics being excepted to in the motion for a new trial, but not before, and the effect of the part quoted not being in any way changed or modified by the rest of the charge.

G. S. 1913, § 7799, gives the absolute right to argue a case before the jury, who are required to accept the law as given by the court. The direction excepted to, therefore, was erroneous and prejudicial; for while trial courts must be given latitude in calling attention to improper and irrelevant argument, they cannot be allowed to nullify the statute, as occurred here. As declared in Puett v. Caldwell & N. R. Co. 141 N. C. 332, 335, 53 S. E. 852, 854:

"The judge has a large discretion in controlling and directing the argument of counsel, but this does not include the right to deprive a litigant of the benefit of his counsel's argument when it is confined within proper bounds and is addressed to the material facts of the case."

And, as stated in 2 Standard Enc. Proc. 828: "An instruction is erroneous which tells or practically tells the jury to disregard the arguments of counsel." See, also, the Chicago Union Trac. Co. v.

O'Brien, 219 Ill. 303, 307, 76 N. E. 341; People v. Ambach, 247 Ill. 451, 457, 93 N. E. 310.

Upon the error here involved, plaintiff's failure to object or except on the trial is of no consequence.

Other assignments of error require no mention, many being without merit and none of the questions raised being likely to recur on new trial.

Order reversed.