# AUSTIN J. MEAGHER v. JOSEPH G. FOGARTY.[1]

May 28, 1915.

Nos. 19,114—(68).

**Partnership — agreement of land brokers — evidence.**

1. A partnership is a contractual relation, in which two or more persons, as principals, for the purpose of joint profit, combine in some enterprise their capital, labor and skill, or some one or more of these things. Each may contribute only labor or skill. An agreement of land brokers to "go into business together" and divide profits and losses, followed by transaction of joint business, constitutes the formation of a partnership. The evidence in this case is sufficient to sustain a finding that plaintiff and defendant formed such a partnership.

**Evidence of settlement.**

2. The evidence is also sufficient to sustain a finding that they made a partnership settlement by which defendant agreed to pay plaintiff $1,250.

**Admission of evidence improperly rejected.**

3. The fact that evidence was improperly rejected when first offered is not reversible error if the evidence was later received.

**Admission of evidence already received without objection.**

4. The reception of evidence which is merely a repetition of evidence previously received without objection, cannot constitute reversible error.

**Charge to jury.**

5. An instruction to the jury that they should rely on their own recollection and belief in preference to those of the attorneys in the case is a proper instruction.

Action in the district court for St. Louis county to recover a balance of $967.83. The facts are stated in the opinion. The case was tried before Ensign, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict in

[1] Reported in 152 N. W. 833.

Note.—The authorities on the effect of an agreement to share profits to create a partnership are reviewed in a note in 18 L.R.A. (N.S.) 963. As to what constitutes partnership to deal in real estate, see note in 5 L.R.A. (N.S.) 503.

favor of plaintiff. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Hugh J. McClearn,* for appellant.

*H. B. Haroldson,* for respondent.

HALLAM, J.

This action is brought to recover an amount alleged to be due on a partnership settlement. The alleged partnership and the alleged settlement are both denied. The jury found for plaintiff, and defendant appeals.

1. Prior to 1909 defendant was agent, at Floodwood, Minnesota, for the Floodwood Land Co., a corporation. Plaintiff was in the land business and occasionally showed land for the corporation. In 1909, the corporation discontinued business. It was then that plaintiff contends this partnership agreement was made. Plaintiff testified that defendant proposed that they "go into business together" and "carry on the business" of selling lands as agents, and that plaintiff said "all right," that plaintiff was "to have an interest in any profits that were made" and was "to share in whatever losses there were," and that on this informal agreement they acted and did business as partners for three and one-half years, using the name Floodwood Land Co., as their partnership name. If this agreement was ever made it was in form sufficient. A partnership is a contractual relation in which two or more persons, as principals, for the purpose of joint profit, combine, in some enterprise, their capital, labor and skill, or some one or more of these things. T. R. Foley Co. v. McKinley, 114 Minn. 271, 131 N. W. 316. It is not necessary that either should contribute money or property. Each may contribute only labor or skill. No particular form of words is necessary. The question whether a partnership is formed depends on the intention of the parties as manifested by their words and acts. McAlpine v. Millen, 104 Minn. 289, 116 N. W. 583. An agreement to "go into business together," and divide profits and losses, is undoubtedly sufficient as far as the form of agreement is concerned, and, if the parties carried on a joint business as principals based on such agreement, a partnership existed.

Plaintiff's testimony is denied by the defendant. Defendant's claim is that the business conducted under the name of Floodwood Land Co., after the discontinuance of the corporation, was the business of himself alone, and that whatever services plaintiff rendered in connection with that business were rendered as his agent. Some circumstances corroborate defendant's claim. During all the time the alleged partnership existed, plaintiff drew no money out and never asked for an accounting, agencies were taken in the name of defendant alone, and the bank account was under his control, and plaintiff rendered some bills to the Floodwood Land Co., which had the appearance of bills for services rendered.

On the other hand, there is much evidence that plaintiff put in his time in the office of the Floodwood Land Co. and in attending to its business, that he looked after the business while defendant was away, and that defendant freely consulted with him, personally while in Floodwood, and by correspondence while away. In explanation of the bills rendered by him he stated that they were for personal services rendered for others, the price of which the partnership collected for him.

On all the proof, the question of partnership or no partnership is distinctly one of fact. The evidence is sufficient to sustain the finding of the jury that a partnership existed.

2. Plaintiff claims that, after the partnership had existed for three years and four months, disagreements arose and the parties agreed to terminate their partnership relation, and that defendant agreed to pay plaintiff $1,250 for his interest. Plaintiff affirms this and defendant denies it. There is little corroborative evidence, except such as bears upon the existence of the partnership and the further evidence that defendant in fact thereafter paid plaintiff amounts aggregating $287. The explanation of these payments given by defendant was by no means conclusive. The evidence sustains a finding that the agreement of settlement was made.

3. After plaintiff had, on his direct examination, testified to the existence of the partnership, defendant's counsel confronted him with certain bills presented by him to the Floodwood Land Co., for services rendered in cruising and showing lands, receipts for payment of such

services, and checks of the Floodwood Land Co. claimed to have been given in payment of such services. After identifying these documents, defendant's counsel offered them in evidence as part of the cross-examination of plaintiff. The court refused to receive them, on the ground that the evidence should properly be introduced by defendant as part of his case. We think the exhibits should then have been received and full cross-examination should then have been permitted in regard to them, for the documents tended to contradict the testimony the witness had given on his examination in chief. But the court did not finally rule them out. They were later received in evidence. The rulings of the court related merely to the order of proof. The order of reception of proof is not ordinarily important so long as the proof is received. We cannot see that the order of proof was important in this case. Defendant urges that he should have been permitted to elicit from plaintiff his explanation of these exhibits before plaintiff had time to recover from the surprise which their production may have caused him. Whatever force there may be in this contention is destroyed by the fact that he did cross-examine plaintiff quite fully along this line, and plaintiff on cross-examination was in fact required to give his explanations. The evidence having been finally received, the refusal of the court to receive it when first offered was not material error. Lynd v. Picket, 7 Minn. 128 (184), 82 Am. Dec. 79.

4. The court permitted plaintiff's counsel to elicit from plaintiff evidence as to his reason for desiring to sever partnership relations with defendant, and to state as one of his reasons. that defendant was "drunk day by day." For purposes of this case it is not important whether this testimony was proper or improper. The fact is that the same testimony had previously come into the case without objection of any sort and no motion was made to strike it out. The later evidence being merely repetition, its reception could not constitute reversible error. Beard v. First National Bank of Minneapolis, 41 Minn. 153, 43 N. W. 7, 8.

5. The following instruction to the jury is assigned as error:

"You are not to take the statements of counsel in relation to the evidence, unless such statements are within your recollection of the

evidence, nor the beliefs of counsel if any such have been expressed. It is your belief, under all the evidence in the case, that is to determine the issues in the case."

The instruction was proper and it in no sense infringed upon the right of counsel to have his argument duly considered by the jury. The language held erroneous in Svensson v. Lindgren, 124 Minn. 386, 145 N. W. 116, was different in substance from this.

Other portions of the charge are objected to, but we find no error. The case was fully and fairly presented to the jury.

Order affirmed.