## EMIL RHODES v. CLIFFORD BONDE AND OTHERS.[1]

June 23, 1922.

No. 22,970.

**Garage owner not liable for negligent driving of rented car, when.**

Where the owner rents an automobile to be operated by the employes of the hirer over whom the owner has no control, he is not liable for the negligence of such employes.

Action in the district court for Chippewa county to recover $700 for damages to an automobile and for personal injuries. The case was tried before Daly, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied their motion for a directed verdict, and a jury which returned a verdict for $300. From an order granting defendants' motion for judgment notwithstanding the verdict, plaintiff appealed. Affirmed.

*C. A. Fosnes* and *John C. Haave*, for appellant.

*C. D. Bensel*, for respondents.

TAYLOR, C.

Plaintiff recovered a verdict of $300 for damages to his automobile with which an automobile owned by defendants had collided. The court directed judgment for defendants notwithstanding the verdict and plaintiff appeals.

[1]Reported in 188 N. W. 1002.

The question presented is whether the evidence will justify a finding that defendants were responsible for the negligence of the man who was driving their automobile at the time of the accident. Defendants operate a garage at Montevideo in Chippewa county and keep automobiles for hire. The Parham Lucke Company of Minneapolis, engaged in selling stocks, bonds and other securities, hired the automobile in question from defendants for use in its business and to be driven by its own employes. These employes used the automobile when they pleased and as they pleased, and one of them was driving it at the time of the accident. They were never in the employ of defendants, nor under the control of defendants.

The Parham Lucke Company were selling stocks and bonds, and, among others, were selling some bonds issued by defendants for the construction of a new garage. It is urged that this fact and the admissions claimed to have been made to plaintiff by defendant Roy Bonde on the evening of the accident are sufficient to sustain the verdict. Defendants knew nothing of the accident until informed by plaintiff. In the evening of the day of the accident plaintiff, accompanied by the witness Rennberger, sought out Roy Bonde, and plaintiff's account of the interview as put in narrative form in plaintiff's printed record is as follows:

"I explained the accident to him and told him that because it was his car, I figured that he was liable for the damage. I wanted to know whether he was going to see that it was paid. Bonde said, they could not settle for any damage until he had seen this party that was out selling their bonds and stock. He said they went over to Benson. That they had to go over there that day to see a party in regard to selling some bonds for the Bonde building. He said he knew that they went out there with their car that day. That he expected them back that night, so I did not say any more to them about it."

It appears without dispute that the automobile had been rented to the Parham Lucke Company to be operated by the employes of that company in the business of that company; that it was being so operated by such employes at the time of the accident; and that

these employes were not connected with the defendants in any way. In the light of these facts the fact that the automobile belonged to the defendants, that some of their bonds had been placed in the hands of the Parham Lucke Company to sell, and that this particular trip may have been made for the purpose of selling such bonds is not sufficient to justify holding the defendants liable for the negligence of the employes of the Parham Lucke Company. The business of that company was entirely independent of the business of defendants. It procured the automobile for general use, not merely for use in selling defendant's bonds, and had so used it for some days before the accident.

' Our conclusion accords with that of the learned trial court, and the order appealed from is affirmed.