## WILLIAM R. PAYNE v. JOHN J. LEININGER.[1]

June 20, 1924.

No. 24,119.

**Question for jury whether automobile of defendant was used for family purpose.**

The family automobile doctrine is based upon the relationship of principal and agent or master and servant. The defendant owned a family automobile. His son, who was of age but a member of the household, with his permission, took it for a trip to South Dakota with a young woman, with whom he was keeping company, and her mother. The auto overturned and the young woman was killed and her mother was injured. There was testimony that the purpose of the son and the young woman in going to South Dakota was to get married there. The plaintiff requested the trial court to charge that if such was the fact the automobile was in use for a family purpose. The court refused, and left it to the jury to find whether it was in use as a family car. It is *held* that the court did not err in refusing the plaintiff's instruction; and there was no error prejudicial to the plaintiff in submitting to the jury the defendant's liability under the family automobile doctrine.

Action in the district court for Douglas county to recover $25,000. The case was tried before Roeser, J., who at the close of the testimony denied defendant's request for a directed verdict, and a jury which returned a verdict in defendant's favor. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*F. H. Borchert* and *Donohue & Quigley,* for appellant.

*J. D. Sullivan,* for respondent.

DIBELL, J.

This action was brought by Rilla Payne to recover damages for injuries sustained in an automobile accident. There was a verdict for the defendant. Afterwards Mrs. Payne died and William R.

[1]Reported in 199 N. W. 435.

Payne, her administrator, was substituted. He appeals from the order denying the motion for a new trial.

The defendant Leininger conducted a hotel at Osakis in Douglas county. His son Carl, a young man 22 years of age, lived with him as a member of the household and helped about the hotel. He received his board and clothing and a weekly allowance. Mrs. Payne lived at Osakis. She had a daughter Evelyn. Carl and Evelyn kept company. The defendant owned a family automobile. On the early morning of October 10, 1922, Carl, with his father's permission, took the car and with Mrs. Payne and Evelyn started for Milbank, South Dakota. There is evidence that the young people had in contemplation getting married there and that that was the purpose of the trip. On the way the auto overturned. Carl and Evelyn were killed and Mrs. Payne was injured. She claimed that the accident was the result of Carl's negligence and brought suit against the defendant for her injury.

The plaintiff requested the court to instruct as follows:

"The plaintiff requests the court to instruct the jury that the use of the automobile for the purpose of going to get married, if so used, was under the evidence in this case a family purpose."

This request was refused. The court in its general charge instructed as follows:

"If you believe that this trip to Dakota was for the purpose of getting married, it is for you to say whether or not that is such use by a family car as it is ordinarily or usually subjected to."

The liability of the owner of an auto for damage done by it rests upon the doctrine of principal and agent or master and servant. Mogle v. A. W. Scott Co. 144 Minn. 173, 174 N. W. 832, 7 L. R. A. 1496, and cases cited; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970, and cases cited. With this doctrine as a basis the liability of the head of the family for injuries occurring in the use of an auto kept for the pleasure and use of the family has been accorded a free and natural development from case to case until we have definitely adopted the family automobile doctrine.

Richardson v. Weiss, 152 Minn. 391, 188 N. W. 1008, and cases cited; Plasch v. Fass, 144 Minn. 44, 174 N. W. 438, 10 A. L. R. 1446, and note thereto in 10 A. L. R. 1446, 1449; note 5 A. L. R. 226. In Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891, the father was held liable, the issue being submitted to the jury, for the negligence of his son, who was driving, resulting in the injury of his guest. And see Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998; note 2 A. L. R. 900.

In Johnson v. Smith, 143 Minn. 350, 173 N. W. 675, it was held as a matter of law that the auto in use at the time of the injury was a family automobile and that the owner was liable. Within the holding of this case it may be that if at the time of the accident the defendant's auto had been in use about Osakis, as if Carl had been out riding with Mrs. Payne and her daughter, the family auto doctrine would apply as a matter of law. But the facts are different. The three people were on the way, so we must assume in considering the charge, to South Dakota, where the young people were to be married. Carl was of age and his own master. The jury could have found that he was a borrower of the auto for his personal use on this occasion rather than the user of it for a family purpose. Under the situation before us the jury could find that the auto was not in use for a family purpose and that the relation of principal and agent or master and servant did not exist. It is urged that as a matter of law the defendant was not liable. This we need not decide, for the jury found that he was not liable with the question submitted to it as one of fact. There was in no event error prejudicial to the plaintiff in submitting the question to the jury.

We find nothing else meriting discussion in the assignments of error relative to the charge. Neither do we find anything calling for comment on the claim of newly discovered evidence.

Order affirmed.