HARRY I. TURNER v. ERNEST GACKLE.[1]

June 18, 1926.

No. 25,334.

**Liability for damage caused by family automobile.**

Fair inference from testimony that, if defendant himself did not drive his automobile kept for family use when damage was done, his father did, and in either case defendant would be liable. [Reporter.]

Evidence, 23 C. J. p. 47 n. 30.
Motor Vehicles, 28 Cyc. p. 39 n. 36; p. 47 n. 20.

See notes in 5 A. L. R. 222; 10 A. L. R. 1449; 14 A. L. R. 1087; 19 A. L. R. 387; 20 A. L. R. 1469; 23 A. L. R. 620; 32 A. L. R. 1504.

Action in the municipal court of Minneapolis to recover damages to an automobile. The case was tried before Charles L. Smith, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

E. E. Watson and C. E. Warner, for appellant.
Adolph E. L. Johnson, for respondent.

PER CURIAM.

The court found that by negligent driving of his automobile defendant damaged plaintiff's, which was parked on a street in Minneapolis. In the appeal from the order denying a new trial the only point made is that the proof is conclusive that defendant did not personally drive the car when it collided with plaintiff's.

That the automobile which struck plaintiff's belonged to defendant is practically conceded. Defendant's testimony was that he used the car every day driving from his home to the Chamber of Commerce, where he and his father were in business; that on the day in question he and his father drove down in the morning, parked and locked the car near the Chamber; that when plaintiff in the afternoon came to his office and accused him of being the one who had driven the automobile against plaintiff's, defendant went to look at his car and found it, showing evidence of having been in a collision, about 60 feet from where he left it in the morning; that his father had a key to the car and drove it at times; that

[1]Reported in 209 N. W. 626.

no one else had a key to the machine except him and his father. The question is, was the court justified in finding and holding defendant responsible for the loss plaintiff sustained through the negligent driving of defendant's car?

The question could properly be answered in the affirmative upon this record, even when due effect is given the well-established rule that the triers of fact must accept as true "the positive, uncontradicted and unimpeached testimony of credible witnesses, which is neither inherently improbable nor rendered so by the facts or circumstances disclosed." Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40, and cases therein cited. See also Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269, and Lampi v. James H. Brown Co. 165 Minn. 169, 205 N. W. 953. There are circumstances disclosed here of inherent improbability in defendant's testimony within the decisions of Schwartz v. Germania Life Ins. Co. 21 Minn. 215; Hawkins v. Sauby, 48 Minn. 69, 50 N. W. 1015; Burud v. G. N. Ry. Co. 62 Minn. 243, 64 N. W. 562; Jensen v. Fischer, 134 Minn. 366, 159 N. W. 827; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474.

Defendant's testimony was that he left the car locked in the morning, yet when in the afternoon he was informed of and saw evidence of his car having been in a collision, and of not being at the place he parked it, he did not take pains to see whether it was then locked or whether the lock had been broken. It is not probable that a thief would have stolen the car and then, when he had run into another car about a mile away, would have brought it back to near the very place where he took it. Defendant admitted that he and his father rode down to the office every morning, and that his father with his consent drove the car occasionally. He also testified that he did not recollect what his father said about using the car that day. But, after plaintiff had testified positively that in defendant's presence "Mr. Gackle, senior, said he had used the car to drive up to see his tailor," defendant denied that such a remark was made by his father.

The fair inference from the evidence is that, if defendant himself did not actually drive when the damage was done, his father did. In either case liability would attach to defendant. The conclusion is near at hand that defendant kept the car for family use as well as business, that the father was a member of the family as well as interested in the business and had permission to drive. The father did not testify nor was his deposition taken.

The order should be affirmed.