## G. C. AND EMMA E. CORNISH v. ARTHUR L. KREUER.[1]

December 20, 1929.

No. 27,513.

*Sexton, Mordaunt & Kennedy,* for appellant.
*H. L. & J. W. Schmitt,* for respondents.

STONE, J.

Two actions, tried together, one by G. C. Cornish and the other by Emma E. Cornish, his wife, to recover damages for injuries suffered by the wife, who was run into by an automobile belonging to defendant. In the husband's case there was a verdict for $272 and in that of the wife a verdict for $1 only. Upon motion of plaintiff a new trial was granted in each case upon the issue of damages. Defendant moved for judgment notwithstanding the verdict or a new trial in each case and appeals from the orders denying those motions.

The accident to Mrs. Cornish occurred in the cemetery at Vernon Center during the funeral of a longtime resident there, Mr. E. T. Champlin. Arrangements for the funeral had been made by Mr.

[1]Reported in 228 N. W. 445.

Henry Kraus, who testifies that he was in charge of the automobiles at the cemetery. Defendant loaned his automobile for the occasion. It was driven by one Grannis, another neighbor who apparently was donating his services as chauffeur out of regard for the family of the deceased. The use of defendant's car was solicited by Grannis or Kraus. It is immaterial which one asked for it, or that defendant may have stipulated that Grannis should be the chauffeur, which does not appear.

Defendant was not present at the cemetery or any time during the funeral. Yet for plaintiffs it is insisted that he so far had the right to control Grannis in the operation of the car that there is a question for the jury whether the relation of master and servant existed so as to make defendant liable, under the rule of respondeat superior, for the supposed negligence of Grannis which resulted in the injury to Mrs. Cornish.

True, the right of control is the test of the relation of master and servant. And if the right exists it may not be very material that it was not being exercised at the determinative moment. But the right of control in question must be the kind which characterizes the relation of master and servant and which within the scope of the employment is plenary—including the manner of the work and its results—because the servant is on his master's business. Wholly immaterial is the presence merely of that very different control which characterizes the relation of bailor and bailee. A bailment "does not clothe the bailor with any control, supervision, or direction over the acts of the bailee." Calumet Auto Co. v. Diny, 190 Wis. 84, 86, 208 N. W. 927. The right of the bailor extends only to the subject matter of the bailment and not at all to the personal doings of the bailee. The latter right was present during the bailment of defendant's car to Grannis for use at the Champlin funeral—that and nothing more.

The relation of master and servant is one of contract. It does not exist simply because the owner has loaned his chattel to another for the use of himself or a third person. The law will not make a contract for them where the parties themselves have made none. Nor where they have made a contract of bailment and noth-

ing more will the law convert it into one of employment. McColligan v. Pa. R. Co. 214 Pa. 229, 63 A. 792, 6 L.R.A.(N.S.) 544, 112 A. S. R. 739. Logic and law unite in making that proposition applicable to this case. It would be exceedingly unfortunate were it otherwise, for the law would bring itself into deserved disrepute if it imposed the penalty of a judgment for damages upon the performance of an obligation of neighborly courtesy such as that which has been the occasion for these lawsuits. Rhodes v. Bonde, 152 Minn. 413, 188 N. W. 1002; Morss v. Murphy T. & S. Co. 170 Minn. 1, 211 N. W. 950. The mere fact of defendant's ownership of the car is not enough to create liability. Smalley v. Simkins, 194 Wis. 12, 215 N. W. 450. In Hartley v. Miller, 165 Mich. 115, 118, 130 N. W. 336, 33 L.R.A.(N.S.) 81, following Doran v. Thomsen, 74 N. J. L. 445, 66 A. 897, 898, it was held "that the owner of a motor vehicle is not liable for an injury caused by the negligent driving of a borrower, if it was not used at the time in the owner's business." That seems to be the universal rule. 2 R. C. L. 1201; Neff v. Brandeis, 91 Neb. 11, 135 N. W. 232, 39 L.R.A.(N.S.) 933.

It results from the views above expressed that there must be a reversal. Mr. Justice Dibell and the writer are of the opinion that judgment should be ordered for defendant notwithstanding the verdict. In our view a new trial under circumstances such as we have here is a useless prolongation of the litigation. But a majority of the court consider that the opportunity for a new trial should not be foreclosed by ordering judgment for defendant.

Orders reversed and new trials granted as to all issues.