## JACOB CEWE v. LOUISE SCHUMINSKI.
## GERTRUDE PAGE v. LOUISE SCHUMINSKI.[1]

December 19, 1930.

Nos. 28,147, 28,148.

*Alphonse A. Tenner* and *E. D. Libera,* for appellants.

*Brown, Somsen & Sawyer, Cobb, Hoke, Benson, Krause & Faegre,* and *Paul J. McGough,* for respondent.

STONE, J.

Two actions, tried together, resulting in the direction of verdicts for defendant. Plaintiffs appeal from orders denying their motions for new trial.

Shortly before six a. m. January 1, 1929, an automobile driven by John Schuminski was run into by a train at a crossing. Schuminski and two of his passengers were killed. One of them was Ione Cewe Webber, and the special administrator of her estate is plaintiff in one of the cases now before us. The other plaintiff is

[1]Reported in 233 N. W. 805.

Gertrude Page, the only surviving occupant of the car at the time of the accident, who sues for personal injuries. Defendant is the widow of John Schuminski.

The automobile-was a large sedan. Schuminski always came home for the evening meal and then returned to his business which usually kept him away from home until midnight. His immediate family consisted of his wife and himself. Their only child, a son, had his own home a few blocks distant and his own automobile. On the morning of his death Schuminski had not returned at all, preferring apparently the New Year's eve entertainment to be found at the roadhouse, six miles from his home, near which the accident occurred just as the party was leaving. Her husband had neglected to invite defendant, his wife, to accompany him, and she spent the night at home, alone and ignorant of her husband's whereabouts. The effort for plaintiffs is to hold her under the family automobile doctrine. It must fail. It was properly so held below, because the evidence does not warrant the inference that she had procured the car or was at the time providing it for family use. The machine was purchased by her husband. He paid whatever had been paid on its purchase price. His wife, the defendant, had nothing to do with selecting, purchasing, or paying for the car, nor did she ever drive it. There is no evidence that she contributed to its upkeep.

The sole circumstance furnishing for plaintiffs' position a factual basis which comes anywhere near being arguable is that the machine was registered in defendant's name rather than her husband's and that she signed a chattel mortgage securing the unpaid portion of the purchase price. Why the husband put the title in her name and caused the car to be so registered does not appear. The transaction was his in real substance. It was not at all that of his wife, save for the mere form of the title documents. The husband alone procured, furnished, and maintained the car for whatever use anybody made of it. The wife had no active participation in the transaction at any point. Her passive holding of title was not enough to charge her with liability for her husband's lethal negligence.

Putting aside the circumstance that defendant was not the head of her family (see Morken v. St. Pierre, 147 Minn. 106, 179 N. W.

681, and Turner v. Gackle, 168 Minn. 514, 209 N. W. 626) it remains that she had nothing to do with providing the automobile or maintaining it for family use. There is no evidence that she possessed or claimed any right of use or control independently of her husband. The family automobile rule is an application of one of agency, respondeat superior. It has been extended to unusual limits. 6 Minn. L. Rev. 79. But none of the cases furnish any justification for further extending it so as to impose liability upon a wife upon the sole ground that legal title of the car was placed in her by her husband. Our own cases are collected in 4 Dunnell, Minn. Dig. (2 ed.) § 5834b. The authorities elsewhere are collected and reviewed in the annotation of Watson v. Burley, 64 A. L. R. 839, 844.

Orders affirmed.