# LOLA PEARSON v. NORTHLAND TRANSPORTATION COMPANY.[1]

December 4, 1931.

No. 28,667.

[1]Reported in 239 N. W. 602.

*Louis R. Taylor, Warner E. Whipple,* and *George W. Atmore, Jr.* for appellant.

*A. L. Janes, J. H. Mulally, Baldwin, Baldwin, Holmes & Mayall, Cobb, Hoke, Benson, Krause & Faegre,* and *Paul J. McGough,* for respondent.

OLSEN, J.

Plaintiff appeals from an order denying her motion for a new trial.

The action was brought to recover damages for personal injuries and damages to plaintiff's automobile resulting from a collision between plaintiff's automobile and a bus owned by the defendant. The action was tried to a jury and a verdict for defendant returned.

Two questions are presented for review: (1) Whether the verdict is sustained by the evidence; (2) whether there were prejudicial errors in the court's charge.

■ The issues of defendant's negligence and plaintiff's contributory negligence were submitted to the jury as questions of fact. Plaintiff cannot complain of the submission of the question of defendant's negligence to the jury unless the evidence shows as a matter of law that defendant was guilty of negligence causing or contributing to cause the collision. It is not strongly contended that the evidence so shows, and we have no difficulty in holding that the question of defendant's negligence was properly submitted to the jury.

■ The court as part of the charge said that defendant claimed the driver of plaintiff's car violated the provisions of the statute:

"That the driver of any vehicle upon a highway before turning out shall see that such movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement shall give a signal either by extending the arm horizon-

tally from and beyond the left side of the vehicle or by an adequate mechanical or electrical signal device, plainly visible to the driver of such other vehicle, of the intention to make such movement at least 50 feet before a stop or turn is to be made."

This instruction was not strictly in accord with the statute, 1 Mason, 1927, § 2720-17. The statute starts out by saying: "The driver of any vehicle upon a highway before starting, stopping or turning from a direct line" shall see that the movement may be made in safety and give the signal, as stated by the court. The court inadvertently used the words "turning out" instead of "starting, stopping or turning from a direct line." The last clause of this paragraph of the charge correctly stated that the signal was to be given "before a stop or turn is to be made." There was no claim that the driver of plaintiff's car intended or attempted to turn out. The question litigated was whether the driver suddenly stopped without giving any signal or seeing that the stop could be safely made. The inaccuracy was not such as to be likely to mislead the jury. Neither does it appear to be prejudicial. The question of whether the statute was violated was submitted as a question of fact to the jury. If the jury could construe the charge as applying only to a turning out movement, and there was no evidence of any intention or attempt to turn, then the jury, under the clear instructions that their findings must be based solely on the evidence before them, must have absolved the driver of the car from any negligence on this ground. The court did not charge the jury that there was any evidence of an intent or attempt to turn out or refer to any evidence of that kind. We find no reversible error on this point.

■ The court charged that the plaintiff, being the owner of the car in which she was riding at the time of the accident, was, in law, responsible for the acts and conduct of the son in driving; that if the son was guilty of contributory negligence plaintiff was chargeable therewith.

The mere fact that plaintiff owned the car did not make plaintiff responsible for the driver's negligence. But the court's charge in

any given case is directed to and dependent upon the issues and evidence in the particular case. A charge, erroneous as applied to the facts in one case, may be entirely correct when applied to a different state of facts. If under the evidence here it was conclusively shown that the plaintiff was responsible for any negligence of the driver, then the charge was correct.

The plaintiff was a widow about 60 years of age. Her son, a married man about 35 years of age, and a daughter about 20 years of age, lived at home with the mother. The plaintiff owned the car and was riding in it at the time of the accident. She testified that she did not drive any car herself; that her son and daughter drove the car for her; that at the time of the accident she was taking her son up to his office, he driving the car. The daughter was to drive the car back home afterwards. In that situation, whether we apply the rule of principal and agent, master and servant, or the family car rule, plaintiff was responsible for any negligence on the part of the driver, and the instruction was correct. Ploetz v. Holt, 124 Minn. 169, 144 N. W. 745; Richardson v. Weiss, 152 Minn. 391, 188 N. W. 1008; Ahlberg v. Griggs, 158 Minn. 11, 196 N. W. 652; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312. The act of an agent, within the scope of his authority, is the act of the principal. Melady v. South St. Paul L. S. Exch. 142 Minn. 194, 198, 171 N. W. 806. The mother was riding in the car, and the son drove it for her. Agency is shown, and there is nothing to the contrary.

The family car rule also applied here. The head of a family who provides an automobile for the use of the family is liable for the negligence of a member of the family driving the car with his permission. This would seem to be especially true where the owner himself is present in the car at the time. Johnson v. Evans, 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891; Johnson v. Smith, 143 Minn. 350, 173 N. W. 675; Turner v. Gackle, 168 Minn. 514, 209 N. W. 626; Martin v. Schiska, 183 Minn. 256, 236 N. W. 312.

Our attention has not been called to any case where the owner, riding in the car and permitting another to drive the car for him, was held not liable for the negligence of the driver. In a case of

that kind the owner does not surrender control of the car, and the driver is only the agency or instrumentality used by the owner in operating the car.

Plaintiff cites Payne v. Leininger, 160 Minn. 75, 199 N. W. 435; Cornish v. Kreuer, 179 Minn. 60, 228 N. W. 445; to which we may add Cewe v. Schuminski, 182 Minn. 126, 233 N. W. 805.

In the Payne case, 160 Minn. 75, 199 N. W. 435, the father, residing at Osakis in this state, permitted his son, who was of age, to take the father's car on a trip to South Dakota. The son took with him a young lady whom he was to marry at their destination in South Dakota, and the young lady's mother. On the way an accident happened. The young lady was killed and her mother injured. The father did not go on the trip. It was held not error to submit to the jury the question of the father's liability under the family car rule. This court said that the jury could have found that the son borrowed the car for his personal use and that it was not used for a family purpose.

In the Cornish case, 179 Minn. 60, 228 N. W. 445, the user was a mere borrower of the car, and the owner was not present at the time of the accident.

In the Cewe case, 182 Minn. 126, 233 N. W. 805, the husband had purchased and paid for the car but had taken title and registered the car in the wife's name. The wife was held not to be responsible for the negligence of the husband in driving the car. The wife was not with him at the time of the accident.

■ It is contended that there was not sufficient evidence to go to the jury on the question of contributory negligence and that the court erred in submitting to the jury the question of the driver's contributory negligence. There is conflict in the evidence as to what happened; whether the car was suddenly stopped; whether there was any signal; just what necessity there was for stopping; and whether the driver exercised ordinary care. If the verdict was based on a finding of contributory negligence, we cannot say on this record that it is so lacking in support in the evidence as to permit this court to set the verdict aside. It was a question of fact for the jury.

■ In one part of its charge the court said:

"The attorneys have reviewed the evidence in their arguments to you and have argued to you as to what conclusion should be drawn from it. The court may have made some reference to the facts or what the facts were. Those statements, either by the lawyers or by the court, should not guide you or influence you."

This is urged as a wrongful invasion of the rights of the attorneys to argue the case to the jury and as depriving their arguments of any force. The case of Svensson v. Lindgren, 124 Minn. 386, 145 N. W. 116, Ann. Cas. 1915B, 734, is relied upon. In that case the court charged that "the arguments and remarks made by counsel must be forgotten by the jury when they retire into the jury-room; that has nothing to do with this case." The court properly held this was reversible error. We do not view the language used in the present case as synonymous with that used in the Svensson case, 124 Minn. 386, 145 N. W. 116, Ann. Cas. 1915B, 734. We cannot isolate the words here objected to from the language preceding and following in the same paragraph of the charge. Just preceding the part objected to, the court had said to the jury:

"You are the sole judges of what the facts are and you are to determine what those facts are from the evidence in the case as you have heard it here. You are the sole judges of the credibility of the witnesses and of the weight you will give to their testimony."

Just following the language objected to, the court said:

"You are the one to remember what the evidence is and determine what weight you will give to it and finally determine what the facts are."

Considered in the connection in which it was used, it seems reasonably clear that the "statements" referred to by the court had reference to any statements made by the court or by the attorneys as to what the evidence in the case was, and that the thought the court intended to convey to the jury was that, in determining what the witness had testified to and what the evidence was as to the facts, they should go by their own recollections as to the evidence

of facts rather than by any statements made either by the court or the attorneys. The language used by the court was not as clear as it should have been, and we are not to be understood as approving it. We are in full accord with counsel on the proposition that the court should not in any way infringe upon the rights of counsel to present to the jury all legitimate arguments on the evidence, to analyze and explain the evidence, and to present all proper inferences and conclusions to be drawn therefrom. Meagher v. Fogarty, 129 Minn. 417, 152 N. W. 833; Welle & Hiltner v. Pfau, 151 Minn. 279, 186 N. W. 578; State v. Mulroy, 152 Minn. 423, 189 N. W. 441. The instruction complained of here is at most ambiguous. If construed as we have indicated, it comes within the holding in Meagher v. Fogarty, 129 Minn. 417, 152 N. W. 833. The ambiguity and inadvertence should have been called to the attention of the court at the time. It was not an instruction upon a controlling principle of law in the case such as was considered in Wilcox Trux, Inc. v. Rosenberger, 156 Minn. 487, 195 N. W. 489, and other cases. There was no exception to the charge on this point at the time, and the ambiguity, if any, was not called to the attention of the court.

All assignments of error, not herein specifically considered, have been examined and found not well taken.

Order affirmed.