# EARL GIVANS v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

December 12, 1952.

No. 35,917.

*Warren Newcome, Gerald F. Fristensky,* and *George H. Henke,* for appellant.

*Gleason, Ward, Orff & Johnson,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for a new trial in a personal injury action.

Plaintiff, a United States railway mail clerk, suffered personal injuries while performing his duties on a mail car of one of defendant's passenger trains which collided with a freight train near Cray, Minnesota, on June 14, 1951. The collision caused plaintiff to be thrown to the floor of the mail car. As a result he suffered an abrasion on his left forearm and, according to plaintiff's own testi-

---

[1]Reported in 56 N. W. (2d) 306.

mony, an odd sensation in his groin where he was later found to have a hernia. Plaintiff, nevertheless, continued to perform his duties as a mail clerk until on or about July 3, 1951, but because of the pain in the groin he had considerable difficulty in so doing and was on different occasions assisted in the performance of his duties by fellow workers. The pain in the groin finally prompted plaintiff to consult a hernia specialist, Dr. James V. Wilson, at the St. Paul Clinic on June 28, 1951. He was then examined and informed that he was suffering from a right inguinal hernia and that an operation would be necessary. The surgery was performed on July 11, 1951, by Dr. William Carroll, who was not called as a witness although he was the only medical expert who could have testified whether the hernia was of recent origin. Plaintiff then convalesced until he returned to work on September 1, 1951. At the time of the trial plaintiff was still suffering from some soreness incident to the operation, but it did not interfere materially with his employment as a mail clerk. The plaintiff's total loss in wages was found to be $965.58. Defendant has paid all hospital and doctor bills. The jury awarded plaintiff $5,875 in damages.

At the beginning of the trial, the defendant admitted its own negligence to be the proximate cause of the train collision but expressly denied that plaintiff's hernia was caused by the accident and further denied any liability for damages. At the close of the evidence and before the jury had retired, defendant again made its position clear by its request for an appropriate instruction to the jury and also by making a motion in chambers for a directed verdict in its favor on the ground that there was no evidence to connect the hernia with the train collision. Immediately after the denial of defendant's motion, without giving counsel an opportunity to argue the case to the jury, the trial court proceeded to instruct the jury and, in the very first sentence of its charge, told the jurors that there would be no arguments by counsel and that the only function of the jury would be to determine the amount of plaintiff's damages. In the charge the court stated that damages awarded should cover the hernia.

At the close of the charge to the jury plaintiff's counsel said: "I thought we should argue the case with reference to the damages." The court answered: "It never occurred to me that you wanted to argue the case and that is the reason I directed the verdict but if you wish to argue the case you may do so now." Both plaintiff and defendant declined the court's invitation to give belated arguments.

The defendant moved for a new trial on the grounds, among others, that the damages awarded were gravely excessive, that the court had erred in denying its motion for an instruction that the hernia was not caused by the accident, and further that it had erred when the jury was instructed without first giving counsel an opportunity to argue the case to the jury. Defendant appeals from the order denying this motion.

We need consider only one issue, namely: If the trial court, without first giving the parties an opportunity to make their arguments to the jury, inadvertently proceeds to charge the jury and at the beginning of the charge informs the jurors that arguments by counsel are in effect unnecessary and will not be given, does prejudicial error result although at the close of the charge, and before the jury has retired, the trial court belatedly offers to permit arguments to be made and counsel decline to do so? This question must be answered in the affirmative. M. S. A. 546.11, which prescribes the order for the conduct of the jury trial, expressly provides:

"(4) When the evidence is concluded, unless the case be submitted by one side or both without argument, the defendant shall open and the plaintiff close the argument to the jury; * * *

\* \* \* \* \*

"(6) When the argument is closed the court may charge the jury."

The right of a litigant to have a fact issue argued orally to the jury is a fundamental one and not one dependent upon the sufferance of the trial judge.[2] In the instant case, before counsel had any opportunity to call the matter to the trial court's attention, the

[2]See, Svensson v. Lindgren, 124 Minn. 386, 145 N. W. 116.

trial judge proceeded to instruct the jury and in the very first sentence of his charge informed the jurors in effect that arguments of counsel were unnecessary and would not be given. The issue of damages alone was of importance to both parties and should have been argued as a matter of fundamental right. Where at the opening of a court's charge the jurors are told by the court that arguments of counsel are unnecessary and need not be given, the fundamental importance of such arguments is thereby so minimized in the minds of the jurors that the resulting prejudice and error cannot reasonably be cured by belatedly permitting arguments to be made at the close of the charge. Under the circumstances here existing the making of an argument at the close of the charge would have appeared to the jurors as an unimportant and unwarranted encroachment upon their time and as being permitted only with the reluctant consent of the trial judge to whom they were looking for guidance.

A new trial is necessary because of such prejudicial error, and it will therefore be unnecessary to consider the other issues. The order appealed from is reversed.

Reversed.