# CHARLESTON.

MYRTLE LOUDIN v. KANAWHA ICE COMPANY.

Submitted March 27, 1923.    Decided April 10, 1923.

1.  PLEADING—*Declaration Against Owner for Injuries Due to Negligence of Servants in Operating Truck When Aided by Presumptions, Held Good as Against Demurrer.*

    If, in a declaration against the owner of a motor truck for damages due to the alleged negligence of its servants in control, it be charged that the defendant was the owner of the truck, and when doing the injury to plaintiff's car it was being driven over the public streets by such servants and was negligently run upon plaintiff, the presumption is that such servants were operating the truck for the owner, and the declaration is good on demurrer.  (p. 539).

2.  SAME—*Overruling of Defendant's Demurrer to Evidence Does not Preclude Right to Insist on Demurrer to Declaration.*

    If on the trial of such a case the defendant demurs to the plaintiff's evidence, which is overruled, he does not lose his right to insist upon his demurrer to the declaration; but if his demurrer to the evidence should be sustained, of course there would be no necessity to go into the question of his demurrer to the declaration. The salt would then have lost its savor.  (p. 539).

3   *Sufficiency of Evidence.*

    In the case at bar the evidence was ample, after excluding all evidence not proper, and which we can not assume the court considered, to justify the judgment on the demurrer to the evidence and the damages found by the jury.  (p. 540).

Error to Circuit Court, Kanawha County.

Action by Myrtle Loudin against the Kanawha Ice Company. From a judgment for plaintiff, defendant brings error.

*Affirmed.*

*Morton, Mohler & Peters,* for plaintiff in error.

*Lively & Stambaugh,* for defendant in error.

MILLER, PRESIDENT:

In an action for damages for the alleged negligence of the defendant, its servants and employees, in running its motor

truck into and colliding with plaintiff's automobile and doing it the damages and injuries complained of, there was a demurrer by the defendant to the declaration, which was overruled; and on the trial, at the conclusion of plaintiff's evidence the defendant demurred thereto, which was joined in by plaintiff, and subject to the opinion of the court on the law of the case, the jury found for the plaintiff and assessed her damages at $500.00.

Upon final consideration of the demurrer to the evidence, the circuit court, by the judgment to which the present writ of error goes, was of opinion that the law upon the demurrer to the evidence was for the plaintiff, and accordingly adjudged that she recover of defendant the sum of $500.00, so found by the jury, with interest and costs.

The first of the alleged errors relied on for reversal is that the trial court overruled defendant's demurrer to the declaration upon which the case was tried. We think this point is wholly without merit. The only objection urged is that it contained no allegation that the drivers, servants and employees of the defendant were then engaged in their usual occupation in driving said truck. The declaration does allege in substance and effect that defendant was at the time of the injuries complained of the owner of a motor truck which was employed by it in its business, and which was then and there under the care and management of its drivers, servants and employees, who were then and there driving the same upon and along the street, and that they then and there so carelessly and improperly drove and managed said truck that they ran into plaintiff's car and crushed and damaged it. In such a case, as we have decided, the presumption is that the drivers of the motor vehicle when the collision occurred were in the service of the owner and operating it on his account; and there can be no room for distinguishing this case from the one where the machine being operated is a private automobile. *Jones* v. *Cook*, 90 W. Va. 710.

Of course, as was said in *State* v. *Mankin*, 68 W. Va. 772, if the defendant's demurrer to the evidence should be sustained, there would be no occasion to go into the question of the sufficiency of the declaration. The plaintiff by joining in the demurrer to the evidence thereby staked her whole

case upon the sufficiency of the evidence, disregarding the pleadings, and if ruled against and the demurrer should be sustained, she would be forever out of court, and the defendant would no longer be interested or affected by the character of the pleadings. However, as we regard the declaration sufficient in this case and have so decided, the rights of all parties are protected regardless of the disposition to be made of the demurrer to the evidence. The same in effect is *Nunziato Di Felice Fu Vincenzo* v. *Richwood Banking & Trust Company,* decided at this term.

On the demurrer to the evidence on a good pleading, therefore, the question is, does the evidence support the finding of the jury and the opinion of the circuit court thereon? There is no room for doubt that the motor truck doing plaintiff's car the injury was that of the defendant company, and being its machine and in charge of its servants, the presumption is that they were servants and employees engaged in the operation of the machine for defendant's account. *Jones* v. *Cook, supra.* Indeed defendant was shown to be so far owner of the truck and responsible for the injuries, that it paid part of the plaintiff's repair bill. Of course this fact would not be conclusive of liability for the accident, but there is plenty of evidence in the case, of plaintiff and others, disregarding the evidence particularly excepted to, that the servants of defendant were negligent in driving defendant's truck and colliding with the plaintiff's car. There can be no doubt of the correctness of the ruling and judgment of the circuit court; and we are of opinion to affirm the judgment.

*Affirmed.*