FLORENCE MISSELL, BY FRANK MISSELL, HER NEXT
    FRIEND, PLAINTIFF-RESPONDENT, v. J. ARTHUR
    HAYES AND EDWARD R. HAYES, DEFENDANTS-
    APPELLANTS.

Argued March 20, 1914—Decided July 10, 1914.

1. In a suit against a father for his son's negligence in operating the
    father's automobile on the public highway, where it appeared that
    the automobile was for the use of the father's family and that at
    the time of the accident the son was driving and the father's wife
    and daughter were in the automobile, and that all three were
    members of the father's immediate family, it was held to be a jury
    question whether the son was the father's servant on the father's
    business, in which case the father would be liable, or whether as
    all the other testimony alleged, the son was going to call on a
    friend, and his mother and sisters were accompanying him on his
    invitation and as his guests.
2. *Doran* v. *Thomson*, 76 *N. J. L.* 754, distinguished.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Fred G. Stickel, Jr.*

For the defendant-appellant, *George S. Silzer (Edmund A.
Hayes* on the brief).

The opinion of the court was delivered by

WHITE, J. This is an appeal from the judgment of the
Supreme Court against both defendants, who are father and
son, in favor of the plaintiff (a little girl seven years old)
upon the verdict (for $150) of a jury for injuries received
by her from being struck by an automobile negligently oper-
ated on the public highway. The automobile was owned by
the defendant, Edward R. Hayes, who had purchased it
for the general use of his immediate family, and it was for
this purpose habitually operated by himself and his two sons
(who were members of his family) sometimes with and
sometimes without his express consent or direction. At

the time of the accident one of the sons, the defendant J. Arthur Hayes, was driving the automobile and it contained also the wife and daughter of the father, who were also members of his immediate family, and two others, one a young lady guest of the daughter, and the other a young man guest of the son. It is urged that these facts are insufficient to form a basis for a finding that the son was acting as the servant of the father and within the scope of his employment as such, and that therefore the motions made in behalf of the father for a nonsuit and for the direction of a verdict in his favor should have been allowed, under the leading and well-considered case of *Doran* v. *Thomson*, 76 *N. J. L.* 754.

We disagree with this view. In the Doran case the defendant's daughter, whose negligent driving caused the accident, took his automobile out for her own pleasure and the pleasure of her three friends who accompanied her. No other members of the father's family were in the car. The only element in the case tending to show that the daughter was acting as the servant of the father was the bare fact that the father owned the automobile, which, being personal property, was, presumably, in the absence of evidence to the contrary, in his possession or the possession of his servant at the time of the accident, possession being the badge of ownership of personal property. This presumption, however, in that case was overcome by the uncontradicted proof that in fact the automobile was not in the possession of the owner or his servant, but that on the contrary it was in the possession of a third party (who happened to be his daughter) who was using it for her own pleasure and the pleasure of her friends, and not upon the owner's business.

In the present case, there exists a very important fact (the absence of which was commented upon in the opinion of Mr. Justice Voorhees, speaking for this court in the Doran case) which is, that the automobile at the time of the accident was occupied by the father's immediate family and their guests. This fact constituted affirmative evidence that the automobile was being used in the father's affairs or business. It was within the scope of the father's business to furnish his wife

and daughter, who were living with him as members of his immediate family, with outdoor recreation just the same as it was his business to furnish them with food and clothing, or to minister to their health in other ways. It cannot be said, therefore, that in this case there was no evidence of possession except a mere presumption which could be overcome by proof of inconsistent facts. Here there was affirmative proof of the fact of possession quite apart from any presumption. Under these circumstances, testimony having also been given to the effect that the son invited his mother and sister to take a ride as his guests on a trip which he was taking for his own pleasure or business and that they were doing so as such and not as members of his father's family, it became a question for the jury to decide whether they would or would not believe this testimony and the effect claimed to result from it, or whether they would entirely disbelieve it, or, at least, conclude that while one purpose was to enable the son to make the call mentioned, he was at the same time in his father's behalf taking the members of the family out for a trip for their health and recreation as members of his father's family. If they should decide in favor of the latter alternative, then the son was clearly acting for his father and as his servant in so doing. This question was submitted to the jury by the learned trial judge in the language of this court in *Doran* v. *Thomson, supra,* as follows: "To constitute the relation of master and servant as to third persons it is not essential that any actual contract should subsist between the parties or that compensation should be expected by the servant. While the relation of master and servant in its full sense invariably and only arises out of a contract between a servant and a master, yet such contract may be either expressed or implied. The real test as to third persons is whether the act is done by one for another with the knowledge of the person sought to be charged as master, with his assent expressed or implied, even though there was no request on his part to the other to do the act in question."

We think the question was one of fact and that it was properly submitted to the jury.

It is also claimed that there was error in the refusal of the Supreme Court to set aside the summons as to the defendant J. Arthur Hayes, the son, on the ground of failure of service. *Missell v. Hayes,* 84 *N. J. L.* 196. The return of the sheriff was: "Within summons and complaint served December 26th, 1912, upon J. Arthur Hayes, by leaving true copies thereof at his residence, No. 42 Lewis street, in New Brunswick, N. J." Notice of an intention to apply to have the name of young Hayes stricken out, because he had not been served, was given, and at the appointed time and place the motion was made before a justice of the Supreme Court, and there were read for and against it *ex parte* affidavits, from which it appeared that No. 42 Lewis street was the residence of the father, Edward R. Hayes, and that the son had lived there with the father as a member of his family until he, the son, had gone away to college to prepare for the ministry, which preparation had already occupied nearly four years and was expected to consume as many years more; but that at the time of the alleged service in question the son was home from college at the address in question, the father's residence, during the Christmas vacation.

As was pointed out by the Supreme Court, in *Baldwin v. Flagg,* 43 *N. J. L.* 495, the proper practice to support motions (or, rather, as they should be, rules) of this character in courts of law, is by depositions taken under rule, or in accordance with the rules of the Supreme Court, and not by *ex parte* affidavits, as was done in this case. If depositions had been taken in this case, doubtless cross-examination would have sifted out and developed facts which would have enabled the court to say with much more certainty than is now possible whether there was or was not such an actual change of residence when the son went away to college as to deprive his father's residence, even while the son was actually there on vacation, of the character of the latter's "usual place of abode" within the meaning of the act of assembly. Under the *ex parte* affidavits, however, consisting as they did largely of conclusions resulting from facts rather than a statement of the

facts themselves, the Supreme Court was unable to say with. any certainty that the writ had not been properly "served." Upon the denial of the motion the son filed his answer to the complaint, in which he set up a defence on the merits, and while he protested against the legality of the service of the summons upon him and alleged facts to show that the alleged service was in fact no service at all, he went to trial on the merits and did not offer any proof of the facts upon which he relied to attack the legality of the service. Under these circumstances, we think he is in no position to ask a reversal of the judgment against him at the hands of this court on the ground that he has not been properly served with process.

We find no merit in the exceptions involving the negligence of the driver of the automobile or the alleged contributory negligence of the plaintiff, and the judgment is therefore affirmed.

*For reversal in part*—THE CHIEF JUSTICE, KALISCH, J.   2.