JAEGER, Respondent, vs. SALENTINE and another, Appellants.

*May 6—June 1, 1920.*

*Master and servant: Son driving automobile of father: Negligence: Liability of father.*

The son of an automobile owner, who was the only member of the family who could safely operate the car and who was permitted by his father to drive when requested by any other member of the family, was the agent of his father in conveying his sister to town with his father's knowledge, and the father is liable for injuries to another resulting from the negligence of the son.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action for damages resulting from an automobile collision. The evidence shows that *Christ Salentine* lives with

his family on a farm near the city of Waukesha. On December 5, 1918, his daughter, who was a nurse in a Milwaukee hospital, was at home on a visit. *Christ Salentine* knew that she was home only for the day and that she must return that evening. He owned an auto which had been purchased for family use. He knew that his son would take Celia in the car either to Milwaukee or to Calhoun, where she could take the train to Milwaukee. *Christ,* the father, testified that *Peter,* the son, sometimes took the daughters out in the machine and drove them to different places and that he had done that frequently; that he had driven his mother and sisters around frequently; that when they wanted to go anywhere they simply went and that was the end of it, and that he never made any objection. *Peter,* the son, testified that he had frequently taken different members of the family around prior to the date of the collision; that he was the only one on the farm that could safely operate the car; that on the evening in question he took his sister Celia to Milwaukee, because she asked him to, and that his sister Ameela rode with them; that Celia was a nurse in a Milwaukee hospital, came home about 2 o'clock in the afternoon, and that she had to return before 10 o'clock that night. The evidence shows that the Salentine car was being driven along Scott street in the city of Milwaukee, between Fifteenth and Sixteenth avenues, at a high rate of speed; that a wagon was being unloaded at the south curb on Scott street, which projected into the street some ten feet. The Salentine car was obliged to go around this wagon and, in so doing, got well out towards the center and probably on the wrong side of the street, and at a point about 118 feet from the wagon the Salentine car collided with the plaintiff's car on the north side of the street, where plaintiff's car was lawfully traveling, inflicting personal injuries upon the plaintiff.

The jury by its special verdict found *Peter Salentine* guilty of negligence in the management of the car which

proximately contributed to the injury, absolved the driver of plaintiff's car from contributory negligence, and assessed plaintiff's damages at $600. Judgment was rendered on the verdict, and the defendants appealed.

*Edward H. Hibbard* of Milwaukee, for the appellants.

For the respondent there was a brief by *Glicksman, Gold & Corrigan* of Milwaukee, and oral argument by *Walter D. Corrigan.*

OWEN, J.   The special verdict in this case, so far as it relates to the negligence of the parties, is well supported by the evidence, and that question requires no treatment.   The further question is whether *Christ Salentine,* the father of *Peter,* who was driving the car, is liable in this action.   The jury found that the defendant *Peter Salentine* was the servant and agent of the defendant *Christ Salentine* in running the automobile at the time of the collision, and that while he was driving the automobile he was acting within the scope of his employment.   We think the evidence set forth in the statement of facts brings the case well within the rule of *Schaefer v. Osterbrink,* 67 Wis. 495, 30 N. W. 922, and that the question of *Christ Salentine's* liability must be answered in the affirmative upon the authority of that case.

*By the Court.*—Judgment affirmed.