# CHARLESTON.

## C. N. JONES *v.* JAMES D. COOK.

### Submitted March 8, 1922.    Decided April 11, 1922.

1. MASTER AND SERVANT—*Automobile Driver's Agency for Owner Presumed.*

    In an action for recovery of damages resulting from a collision with an automobile, proof that defendant was the owner of the automobile that caused the injury and that the injury was the result of the negligence of the driver thereof creates a presumption that the driver when the collision occurred was in the service of the owner and operating it on his account.   (p. 711).

2. SAME—*Automobile Owner's Liability for Step-Daughter's Negligence Depends on Agency.*

    When property has been injured by the negligent operation of an automobile driven by the owner's step-daughter, the owner's liability depends upon whether the step-daughter was his servant and engaged upon his business at the time. (p. 713).

3. MUNICIPAL CORPORATIONS—*Automobile Not a Dangerous Agency.*

    An automobile is not a "dangerous agency" so as to make its owner liable for injuries to travelers inflicted while being driven by another person, irrespective of the relationship of master and servant.   (p. 714).

4. MASTER AND SERVANT—*Automobile Owner Held Liable for Step-daughter's Negligence.*

    Where a person allows his step-daughter, who is a member of his family, to drive an automobile which he maintains for the comfort, convenience, pleasure, entertainment and recreation of his family, whereby the step-daughter negligently injures the property of a third party, the owner is liable; the step-daughter while so driving is acting in the furtherance of the owner's purpose.   (p. 714).

(POFFENBARGER, PRESIDENT, dissenting.)

Error to Circuit Court, Wood County.

Action by C. N. Jones against James D. Cook. Directed verdict for the defendant and the plaintiff brings error.

*Reversed and remanded.*

*T. A. Brown* and *C. N. Matheny,* for plaintiff in error.
*R. E. Bills* and *C. M. Hanna,* for defendant in error.

MEREDITH, JUDGE:

On October 24, 1919, Ivol Hickman, a step-daughter of defendant, and who was then a member of his family and under twenty-one years of age, was driving defendant's automobile in returning from a foot-ball game in Parkersburg. She was the only member of defendant's family in the automobile, but had with her a number of her young friends. At the intersection of Covert and Sixteenth Streets she permitted defendant's automobile to run into and practically demolish plaintiff's automobile. Plaintiff seeks recovery of damages. As the record now stands, plaintiff clearly showed that she was negligent and that plaintiff was not. Plaintiff made a clear case against her, but she is not made a defendant. It was also proved that the car she drove belonged to defendant. Defendant introduced no evidence, but at the conclusion of plaintiff's evidence, defendant moved the court to exclude it and to direct a verdict for defendant, and this was done.

Plaintiff's injury, the driver's negligence and defendant's ownership of the automobile were proved. This made a prima facie case.

"When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing, without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was

occasioned by the fault of a stranger, an independent con-
tractor, or other person.'' Shearman & Redfield, Law of
Negligence, (6th ed.) Section 158.

In the case of *Norris* v. *Kohler,* 41 N. Y. 42, it was held
that in an action for causing death in the streets of a city,
charged to have been due to the negligence of the defend-
ant's servants, evidence that the fatal injury was occasioned
by a run-a-way span of horses and wagon, owned by the de-
fendant, was sufficient to authorize a jury to find persons in
charge of such horses and wagon to be his servants.     In
discussing this phase of the evidence, the court says:

''The property being proved to belong to the defendant, it
is urged that a presumption arises that it was in use for his
benefit, and on his own account.     This argument, I think, is
a sound one.     The ownership of personal property draws to
it the possession.     The owner is entitled to have and to
keep possession, and no person can justly obtain possession
until some act of authority from the owner is proved. Own-
ership implies possession, and possession is in subordination
of title.     No proof was given in the present case, separating
the ownership from the possession and the presumption of
law is, that the wagon and horses of the defendant were in
use in his service, and on his account.''

In *Schaefer* v. *Osterbrink,* 67 Wis. 495, 30 N. W. 922, 58
Am. Rep. 875, it was held that:

''In an action against a father and a son jointly to re-
cover for the negligence of the son, a minor, where it is
charged that, at the time the plaintiff was injured, the son
was acting as the servant of the father   it is not error to
charge that 'the presumption is that a minor child living
with his father, and using his team and conveyance in and
about the business of such father, is acting in his behalf and
upon his direction, until the contrary is made to appear by
the evidence; this fact established, the burden to show that
his son was not his servant is imposed upon the father,'—
where the court, in other parts of its charge, has submitted
to the jury the question whether or not, at the time the neg-
ligence was committed, the son was in fact the servant of
his father.''

.. See also, *Svenson* v. *Steamship Company,* 57 N. Y. 108;
*McCoun* v. *Railroad Co.,* 66 Barb. (N. Y.) 338; *Lovingston*
v. *Baucheus,* 34 Ill..App. 544; 6 Thompson, Commentaries on
Negligence, Sec. 7659; 1 Cooley, Torts, (3rd. ed.) page 181.

Whether the driver of defendant's automobile at the time
of the accident was in his employment was peculiarly within
his knowledge, and her negligence in its use and his ownership
of it being shown, the jury could very properly have found
that the driver was his servant; the facts shown created a
presumption that she was in his service and acting on his
account, and the case should have been submitted to the
jury.

But there arises a more serious question on the record. It
can fairly be inferred from the evidence that defendant's
automobile was a "big closed" Hudson "family car;" that
it was acquired by him for the use and pleasure of his family,
including his step-daughter; that she was accustomed to drive
it with his knowledge and consent, not only generally, but
also with his permission on this particular occasion, and
that on this drive she was using it for her own pleasure and
that of her friends, one of the very purposes for which it was
acquired and kept. Therefore, the question for decision is
whether the defendant is liable for an accident occurring by
reason of the proved negligence of his step-daughter while
driving his automobile acquired for the purposes mentioned,
by his permission, and for her pleasure.

(1) To this question courts of high order make directly
opposite answers. All agree, however, that defendant's
liability depends upon whether the driver of the automobile
was his servant and engaged upon defendant's business at
the time the negligent act occurred. *Kayser* v. *Van Nest,*
125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970;
*Hartley* v. *Miller,* 165 Mich. 115, 130 N. W. 336; *McNeal* v.
*McKain,* 33 Okla. 449, 126 Pac. 742, 41 L. R. A. (N. S.)
775; *Birch* v. *Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 50
L. R. A. (N. S.) 59; *Griffin* v. *Russell,* 144 Ga. 275, 87 S. E.
10, L. R. A. 1916F 216, Ann. Cas. 1917D 994; *Van Blaricom*
v. *Dodgson,* 220 N. Y. 111, 115 N. E. 443, L. R. A. 1917F
363; *Doran* v. *Thomsen,* 76 N. J. L. 754, 71 Atl. 296, 19 L.

R. A. (N. S.) 335, 131 A. S. R. 677; *Missell* v. *Hayes,* 86 N. J. L. 348, 91 Atl. 322; *King* v. *Smythe,* 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F 293; *Arkin* v. *Page,* 287 Ill. 420, 123 N. E. 30, 5 A. L. R. 216.

(2)    The defendant could not be held liable for the negligent wrong of his step-daughter merely because of the family relation between them.    *Blair* v. *Broadwater,* 121 Va. 301, 93 S. E. 632; *Cohen* v. *Meador,* 119 Va. 429, 89 S. E. 876; *Smith* v. *Jordan,* 211 Mass. 269, 97 N. E. 761; *Mirick* v. *Suchy,* 74 Kan. 715, 87 Pac. 1141, 11 Ann. Cas. 366.

(3)    An automobile is not per se such a dangerous agency that its owner is liable for injuries on a highway inflicted while being driven by another, irrespective of the relationship of master and servant, or of principal and agent. On this proposition we believe there is little    disagreement, though we have no doubt that the dangerous character of the automobile has had a    very important bearing on the decisions.

(4)    It necessarily follows that unless the driver of defendant's car at the time of the injury was in his service the defendant is not liable.    The authorities can not be reconciled.    In the leading case of *Doran* v. *Thomsen, supra,* a case very similar to the case at bar, the court held that the owner was not liable.    In that case the daughter, who was the driver, was the only member of defendant's family in the automobile.    In the later case of *Missell* v. *Hayes, supra,* a son of the defendant was driving the automobile, and with him at the time of the accident were the defendant's wife and daughter, and two guests.    The court differentiates that case from the case of *Doran* v. *Thomsen* in that in the Missell case there were members of defendant's family in the automobile other than the driver, and held that it was a question for the jury to determine whether the son while driving the automobile was the father's servant    on    the father's business, saying: "It was within the scope of the father's business to furnish his wife and daughter, who were living with him as members of his immediate family, with outdoor recreation just the same as it was his business to furnish them with food and clothing, or to minister to their

· health in other ways," and affirmed a judgment in favor of
the plaintiff.    This view is sustained in the following cases:
*Denison* v. *McNorton,* 142 C. C. A. 631, 228 Fed. 401; *Lemke*
v. *Ady,* 159 N. W. 1011, (Ia. 1916); *Collission* v. *Cutter,*
186 Ia. 276, 170 N. W. 420; *Uphoff* v. *McCormick,* 139 Minn.
392, 166 N. W. 788; *Stowe* v. *Morris,* 147 Ky. 386, 144 S. W.
52, 39 L. R. A. (N. S.) 224; *McNeal* v. *McKain,* 33 Okla. 449,
126 Pac. 742, 41 L. R. A. (N. S.) 775.

We see no possible ground of difference concerning the
owner's liability, whether there be but one member of the
family or all members of the family in the automobile at the
time of the negligent injury.    If the father makes it his
business or affair to furnish members of his family with an
automobile for family use, and he maintains it for that pur-
pose, just the same as it is his business to furnish them with
food and clothing or to minister to their health in other
ways, then he is in the furtherance of that business just as
surely when a single member of the family is driving it for
his own pleasure and convenience as if all the family were
riding in it.    Counsel for defendant say that defendant
is not liable for the negligence of the step-daughter in the
operation of the automobile in the present case because it
was none of his affair; but we hold that he made it his affair
by maintaining the automobile for the very purpose for which
she was using it at the time of the injury.    He owned the
machine and had the right to say where, how, and by whom
it might be used, and impliedly, if not expressly, authorized
the use to which it was put when the accident occurred.
The doctrine of agency is not confined to merely commercial
business transactions, but extends to cases where the father
maintains an automobile for family use, with a general au-
thority, expressed or implied, that it may be used for the
comfort, convenience, pleasure, and entertainment or out-
door recreation of members of the owner's family.    This
view accords with the great weight of authority, and is sus-
tained by: *Kayser* v. *Van Nest; Stowe* v. *Morris; McNeal* v.
*McKain; Birch* v. *Abercrombie; Smith* v. *Jordan; Griffin* v.
*Russell; Denison* v. *McNorton;* all cited *supra;* also, *Critten-
don* v. *Murphy,* 36 Cal. App. 803, 173 Pac. 595; *Tyree* v.

*Tudor,* 181 N. C. 214, 106 S. E. 675; *Davis* v. *Littlefield,* 97 S.
C. 171, 81 S. E. 487; *Johnson* v. *Smith,* 143 Minn. 350, 173 N.
W. 675; *Benton* v. *Regeser,* 20 Ariz. 273, 179 Pac. 966;
*Boes* v. *Howell,* 24 N. M. 142, 173 Pac. 966.

. This view was also applied in cases of horse drawn vehicles,
decided before the introduction of the automobile, *Schaefer*
v. *Osterbrink,* 67 Wis. 495, 30 N. W. 922; *Lashbrook* v. *Pat-*
*ten,* 1 Duvall (Ky.) 316. It is not a new graft on the law of
agency. It is merely applying old principles to new condi-
tions. There are practical considerations involved to which
courts can not close their eyes. This doctrine puts the
financial responsibility of the owner behind the automobile
while it is being used by a member of the family, (who is
likely to be financially irresponsible), in furtherance of the
business and purposes for which it is maintained. The
Supreme Court of Tennessee in the case of *King* v. *Smythe,*
140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F 293, has terse-
ly stated the doctrine, and we quote with approval from the
opinion in that case:

"If a father purchases an automobile for the pleasure and
entertainment of his family, and, as Dr. Smythe did, gives
his adult son, who is a member of his family, permission to
use it for pleasure, except when needed by the father, it
would seem perfectly clear that the son is in the furtherance
of this purpose of the father while driving the car for his
own pleasure. It is immaterial whether this purpose of the
father be called his business or not. The law of agency is
not confined to business transactions. It is true that an
automobile is not a dangerous instrumentality so as to make
the owner liable, as in the case of a wild animal loose on the
streets; but, as a matter of practical justice to those who are
injured, we can not close our eyes to the fact that an automo-
bile possesses excessive weight, that it is capable of running
at a rapid rate of speed, and when moving rapidly upon the
streets of a populous city, it is dangerous to life and limb
and must be operated with care. If an instrumentality of
this kind is placed in the hands of his family by a father, for
the family's pleasure, comfort, and entertainment, the dic-
tates of natural justice should require that the owner should

be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained. A judgment for damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form.     The father, as owner of the automobile and as head of the family, can prescribe the conditions upon which it may be run upon the roads and streets, or he can forbid its use altogether. . He must know the nature of the instrument and the probability that its negligent operation will produce injury and damage to others.     We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent.     If owners of automobiles are made to understand that they will be held liable for injury to person and property occasioned by their negligent operation by infants or others who are financially irresponsible, they will doubtless exercise a greater degree of care in selecting those who are permitted to go upon the public streets with such dangerous instrumentalities. An automobile cannot be compared with golf sticks and other small articles bought for the pleasure of the family. They are not used on public highways, and are not of the same nature of automobiles.''

For the foregoing reasons, we reverse the judgment, set aside the verdict, and grant the plaintiff a new trial.

*Reversed and remanded.*

POFFENBARGER, PRESIDENT, (dissenting) :

Although sustained by an apparent weight of authority, this decision, in my opinion, contravenes fundamental principles of the laws of agency and master and servant and the rule *respondeat superior.*     In running an automobile for his or her own pleasure, a son, daughter or other member of a family cannot legally be the servant or agent of another person, even though such other person be the head of the family and owner of the car.     Action by one person for his own benefit or pleasure is legally incompatible with service or

agency for another, in the performance of the act. Service necessarily implies the doing of something for another, not for the actor. It involves two persons, the master and the actor. Agency generally involves three, the actor, the person for whom he acts and the person affected by the act authoritatively done. Both relations have their legal limitations. One acting for himself alone can be neither servant nor agent of another.

That the head of the family or some other member of it owns and keeps the car for the use of the family and permits all members thereof to operate it at their pleasure, or that he purchased and maintains it for such purpose and one member thereof occasionally or generally drives it with others riding it, cannot change the principles of law. When he alone is driving it and riding in it, for his own pleasure or about his own business, he cannot be serving, or acting for, anybody but himself. If while he drives it, the car carries other members of the family, he may be. How he obtained the use of some other person's car, or the motive of such other person, in its purchase, ownership or maintenance, is entirely too remote to affect the question of agency or service. These circumstances and the close relationship of the parties add to and emphasize the probative force and effect of evidence of service or agency, but they are not of themselves such evidence. The same observation is true of the relation of master and servant. If the driver is the chauffeur of the owner or other employee in charge of his car, there may be a rebuttable presumption that he was using it in his master's business, but nothing more. On proof that he was not, the relation may reenforce evidence that he was, but beyond that, it signifies nothing. Such is the uniform holding in cases in which close relationship of parties is invoked, as evidence of fraud.

In *Goff* v. *Clarksburg Dairy Co.,* 86 W. Va. 237, liability was not predicated on the mere relation of the parties to each other. It was put upon the ground of evidence of use of the car, at the time, within the scope of the servant's employment as defined by an informal contract and the mode of its execution. In agency, one person must be doing something

for another, not merely for himself.    Mechem, Agency, sec. 2; Clark & Skyles, Agency, sec. 1; Bouv. Law Dict. Title, "Agent."    The same principle governs in master and servant.    If the owner of the car has a purpose in allowing a member of his family to use it for his own purposes, the purpose of the former is necessarily merged in that of the latter. It is merely subordinate, when the two purposes coincide. One must be dominant and, when the car is running, the dominant one is that of the driver.    The car serves his purpose merely with the consent of the owner, just as much as if it had been loaned or hired to any stranger.    In view of these fundamental principles of law, several of the cases referred to in the majority opinion would deny right of recovery upon the facts disclosed here, and, in my opinion, they rest upon solid legal ground.

New laws should be made by the legislature, not the courts.