DAVID E. WING *v.* ERNEST A. MARTIN.

February Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed May 2, 1928.

*Clayton H. Kinney* and *Frank L. Smith* (of Boston, Mass.) for the defendant.

*Fenton, Wing & Morse* for the plaintiff.

CHASE, J. In connection with his business in conducting a market in Rutland, the defendant used a Ford truck which was driven by an employee named Reynolds. He had expressly forbidden Reynolds to permit anyone to ride with him. Notwithstanding these instructions, Reynolds allowed the plaintiff and one Hier to ride in the truck and a boy named Vondette to drive it while he rode on the seat beside Vondette on the afternoon of August 4, 1926. The truck was then being used for the delivery of goods to and from the defendant's market; but from the place where the plaintiff got onto it to the place where he was injured it was driven in a direction away from the market and toward the plaintiff's home. There were no goods to be delivered near the place where the plaintiff was hurt. There was no reason for Reynolds to go there with the truck at that time for any purpose connected with the defendant's business, although it can only be said that he was deviating from the course he would have taken to do his work for the defendant by the most direct route. While the plaintiff was riding in the truck under these circumstances, an accident occurred in which he received injuries for which he had judgment below.

The first exception briefed relates to the denial of the defendant's motion for a directed verdict. The motion was based on four grounds: (1) That the act of Reynolds in giving the plaintiff a ride was not within the scope of his employment; (2) that it was neither expressly or impliedly authorized or ratified by the defendant; (3) that it was not in furtherance of the defendant's business; (4) that the evidence was not sufficient

to show more than mere possession of the truck by Reynolds and ownership by defendant. The last ground was ignored in the brief and will be here. The others merit consideration and they will be discussed together.

In giving the plaintiff a ride, Reynolds was not acting in furtherance of the defendant's business. On the contrary, it tended to delay him in doing his work. Nor did the defendant, by sending Reynolds about the streets of Rutland to deliver goods with the truck, indicate to the plaintiff an invitation to ride in the truck as his guest. By riding as he did, the plaintiff became the guest of Reynolds but not of the defendant. It cannot be said that the defendant knew, or ought to have known, that the plaintiff was riding in the truck at all for the actual knowledge of Reynolds as to that is not chargeable to the defendant. *Dearborn* v. *Fuller*, 79 N. H. 217, 107 Atl. 607. The act of Reynolds in giving the plaintiff a ride was not within the actual or apparent scope of his employment, was in hindrance rather than in furtherance of the defendant's business, was merely an accommodation of the plaintiff by Reynolds alone, and the motion for a directed verdict should have been granted. *Gutzwiller* v. *American Tobacco Co.*, 97 Vt. 281, 122 Atl. 586; *Ploof* v. *Putnam*, 83 Vt. 252, 75 Atl. 277, 26 L. R. A. (N. S.) 251, 138 A. S. R. 1085; *Dearborn* v. *Fuller, supra;* 42 Corpus Juris, 1101; *Zampella* v. *Fitzhenry*, 97 N. J. Law, 517, 117 Atl. 711, 24 A. L. R. 666; *Hughes* v. *Murdock Storage & Transfer Co.*, 269 Pa. 222, 112 Atl. 111; *Wilkinson* v. *Moore & Preston Coal Co.*, 79 N. H. 385, 109 Atl. 45. See, also, *Fletcher* v. *Meredith*, 148 Md. 580, 129 Atl. 795, 45 A. L. R. 474 and note at page 477; *Psota et al.* v. *Long Island R. Co. et al.*, 246 N. Y. 388, 159 N. E. 180; and *Hartigan et al.* v. *Public Ledger*, 291 Pa. 588, 140 Atl. 524.

Exceptions were taken to the charge which need not be discussed in view of the disposition which must be made of this case.

*Judgment reversed, and judgment for the defendant to recover his costs.*