HARRY C. JONES *v.* ROBERT E. KNAPP.

February Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed October 6, 1931.

*Fred E. Gleason* for the defendant.

*Theriault & Hunt* for the plaintiff.

8

THOMPSON, J. This is an action of tort for negligence in which the plaintiff seeks to recover for damage to his automobile caused by collision with the defendant's automobile near the intersection of Main and North Streets in the city of Montpelier. The plaintiff's adult daughter, Harriet Jones, was operating his automobile at the time of the collision. There was a verdict and judgment for the plaintiff. The defendant excepted.

The uncontradicted evidence shows that Harriet and a brother, Harry Jones, Jr., lived with the plaintiff as members of his family. Sometimes the plaintiff used his automobile in his business, but it was used chiefly for the general purposes of his family as a pleasure car, and he, Harriet, and Harry, Jr., drove it for such purposes. Harriet and Harry, Jr., usually obtained the permission of the plaintiff to take the car when they wanted to use it, but did not have to do so always, and sometimes they did not use it when they wanted to, although it was not in use at the time. Harriet is a piano teacher. On the day of the collision she asked and received the permission of the plaintiff to use the car in going to the Union School to get a list of names of prospective pupils. The plaintiff knew the purpose for which she was to use the car, but did not know just where she was going with it. The collision took place while she was on her way to the Union School. Her use of the car on this occasion was wholly on her own business, and not on any business of the plaintiff.

While it is conflicting, there is evidence in the record from which it can fairly be inferred that Harriet was negligent in the operation of the car at the time of the collision, and that such negligence was a proximate cause of the collision.

The defendant requested the court in the trial below to adopt the so-called "family purpose" doctrine as the law of the case, and to rule that, if Harriet was guilty of contributory negli-

gence in the operation of plaintiff's car at the time of the collision, such contributory negligence barred a recovery, although the defendant was also guilty of actionable negligence. The court refused to rule as requested, and ruled, and charged the jury, that the plaintiff had a right to let his daughter use the car, "and in operating the car, in this case, negligence on her part, if you find any, which was a proximate cause of this accident and damage, is not chargeable to him, it is not imputable to the owner of the car, who is the plaintiff in this case."

The only question argued by the defendant is whether the court below erred in refusing to adopt the "family purpose" doctrine as the law of the case. The question is raised in several forms, but it is clearly raised by the exceptions of the defendant.

While the question raised by the defendant is before this Court for the first time, the "family purpose" doctrine has been invoked in most, if not all, the other jurisdictions in this country, under many and varied circumstances and conditions, and the decisions cannot be reconciled.

The doctrine is that, where the head of a family maintains an automobile for the pleasure, convenience, and use of his family, he is liable for injuries inflicted in the negligent operation of the car while it is being used by members of the family for their own pleasure or purpose, on the theory that it is being used for the purpose for which it was furnished and is maintained, and that, in operating it, the member of the family is acting as the agent or servant of the owner. In its full scope, the doctrine applies equally, whether the member of the family who was driving the car was alone or was accompanied by other members of the family. Some courts, however, even those that emphasize the point that the car was kept for family use, draw a distinction between the two cases.

In all cases hereinafter mentioned, the automobile was maintained by the owner for the pleasure, convenience, and use of the members of his family.

In *Birch* v. *Abercrombie*, 74 Wash. 493, 133 Pac. 1020, 1053, 50 L. R. A. (N. S.) 59, a leading case, which involved the question of liability of the owner of a car for an injury caused while his daughter was driving it, the court said: "It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family, makes their conveyance by that vehicle his affair—that is, his business—and

any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another, is his agent. The fact that only one member of the family was in the vehicle at the time is in no sound sense a differentiating circumstance abrogating the agency. It was within the general purpose of the ownership that any member of the family should use it, and the agency is present in the use of it by one as well as by all. In this there is no similitude to a lending of a machine to another for such other's use and purpose unconnected with the general purpose for which the machine was owned and kept.''

In *Jones* v. *Cook,* 90 W. Va. 710, 111 S. E. 828, 830, the ''family purpose'' doctrine was adopted and applied where a father furnished an automobile for the pleasure of his family, including his stepdaughter, and, while the latter was driving it with her friends, with his permission, she negligently ran into the plaintiff's automobile. The court said: ''We see no possible ground of difference concerning the owner's liability, whether there be one member of the family or all members of the family in the automobile at the time of the negligent injury. If the father makes it his business or affair to furnish members of his family with an automobile for family use, and he maintains it for that purpose, just the same as it is his business to furnish them with food and clothing or to minister to their health in other ways, then he is in the furtherance of that business just as surely, when a single member of the family is driving it for his own pleasure and convenience, as if all the family were riding in it. Counsel for defendant say that defendant is not liable for the negligence of the stepdaughter in the operation of the automobile in the present case, because it was none of his affair; but we hold that he made it his affair by maintaining the automobile for the very purpose for which she was using it at the time of the injury. He owned the machine, and had the right to say where, how, and by whom it might be used, and impliedly, if not expressly, authorized the use to which it was put when the accident occurred. The doctrine of agency is not confined to merely commercial business transactions, but extends to cases where the father maintains an automobile for family use, with a general authority, express or implied, that it may be used for the comfort, convenience,

pleasure, and entertainment or outdoor recreation of members of the owner's family.''

In the following jurisdictions the ''family purpose'' doctrine, in its full scope, as above set forth, has been adopted, and it is held that the owner of the automobile is liable for injury negligently inflicted by a single member of the family while using the family car for his own exclusive pleasure or convenience, with the express or implied consent of the owner. *Benton* v. *Regeser,* 20 Ariz. 273, 179 Pac. 966; *Boyd* v. *Close,* 82 Colo. 150, 257 Pac. 1079; *Griffin* v. *Russell,* 144 Ga. 275, 87 S. E. 10, L. R. A. 1916F, 216, Ann. Cas. 1917D, 994; *Baldwin* v. *Parsons,* 193 Iowa, 75, 186 N. W. 665; *Miller* v. *Weck,* 186 Ky. 552, 217 S. W. 904; *Johnson* v. *Evans,* 141 Minn. 356, 170 N. W. 220, 2 A. L. R. 891; *Payne* v. *Leininger,* 160 Minn. 75, 199 N. W. 435; *Linch* v. *Dobson,* 108 Neb. 632, 188 N. W. 227; *Boes* v. *Howell,* 24 N. Mex. 142, 173 Pac. 966, L. R. A. 1918F, 288; *Wallace* v. *Squires,* 186 N. C. 339, 119 S. E. 569; *Watts* v. *Lefler,* 190 N. C. 722, 130 S. E. 630; *Foster* v. *Farra,* 117 Ore. 286, 243 Pac. 778; *Mooney* v. *Gilreath,* 124 S. C. 1, 117 S. E. 186; *King* v. *Smythe,* 140 Tenn. 217, 204 S. W. 296, 298, L. R. A. 1918F, 293; *Allen* v. *Bland* (Tex. Civ. App.), 168 S. W. 35; *Allison* v. *Bartelt,* 121 Wash. 418, 209 Pac. 863, following *Birch* v. *Abercrombie, supra; Watson* v. *Burley,* 105 W. Va. 416, 143 S. E. 95, 64 A. L. R. 839, and note.

While it is stated in the decisions cited that the liability of the owner of a car for injury negligently inflicted by a single member of his family, while operating the family car for his own exclusive pleasure or convenience, is based upon the theory of master and servant or principal and agent because the particular purpose for which the car was being used came within the general purpose for which it was furnished and maintained, it appears clearly in some of the decisions that the ''family purpose'' doctrine was adopted as a matter of public policy.

In *King* v. *Smythe, supra,* the court, after holding that a father was liable for injury negligently inflicted by his adult son, a member of his family, while the son was driving his father's car for his own pleasure, on the theory that in so doing he was the agent of his father, said: ''If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be re-

sponsible for its negligent operation, because only by so doing, as a general rule, can substantial justice be attained. A judgment for damages against an infant daughter or an infant son, or a son without support and without property, who is living as a member of the family, would be an empty form. The father, as owner of the automobile and as head of the family, can prescribe the conditions upon which it may be run upon the roads and streets, or he can forbid its use altogether. He must know the nature of the instrument and the probability that its negligent operation will produce injury and damage to others. We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent. If owners of automobiles are made to understand that they will be held liable for injury to person and property occasioned by their negligent operation by infants and others who are financially irresponsible, they will doubtless exercise a greater degree of care in selecting those who are permitted to go upon the public streets with such dangerous instrumentalities.'' To the same effect are *Watson* v. *Burley, supra; Hutchins* v. *Haffner,* 63 Colo. 365, 167 Pac. 966, L. R. A. 1918A, 1008; and *O'Keefe* v. *Fitzgerald,* 106 Conn. 294, 137 Atl. 858.

On the other hand the majority of the courts of last resort have rejected the ''family purpose'' doctrine in its full scope, and, with what we think is the better reasoning, hold that there is no agency merely because the automobile is maintained for family use. They arrive at the conclusion that the doctrine is a modern innovation in the law of torts, and hold that the purpose for which the automobile is furnished and maintained does not alone establish the relation of master and servant between the owner and the members of his family so as to make him responsible for injuries caused to a third person by the negligent operation of the automobile by a member of his family who is using the same for his own personal pleasure or business; that such relationship and responsibility must be established by the settled common-law principles of master and servant or principal and agent, even though the injury complained of could not have been committed without the facilities afforded to the servant by his relation to his master.

In *Doran* v. *Thomsen,* 76 N. J. Law, 754, 761, 71 Atl. 296, 299, 19 L. R. A. (N. S.) 335, 131 A. S. R. 677, a leading case, the court, referring to the "family purpose" doctrine, said: "This makes the defendant's liability to depend upon the object for which he purchased the machine, which was for the pleasure of the family, in connection with the fact that his daughter operated it for that purpose, the jury being instructed that thereby she became his servant. This is contrary to the doctrine of *Evers* v. *Krouse* [41 Vroom (70 N. J. Law) 653, 58 Atl. 181, 66 L. R. A. 592], *supra.* It would subject a parent to liability if he bought for his son a baseball, or for his daughter a golf club, and by permitting them to be used by his children for their appropriate purposes, injury occurred.

"It bases the creation of the relation of master and servant upon the purpose which the parent had in mind in acquiring ownership of the vehicle and its permissive use by the child. This proposition ignores an essential element in the creation of that *status* as to third persons, that such use must be in furtherance of and not apart from the master's service and control, and fails to distinguish between a mere permission to use and a use subject to the control of the master and connected with his affairs." And in *Van Blaricom* v. *Dodgson,* 220 N. Y. 111, 116, 115 N. E. 443, 445, L. R. A. 1917F, 363, the court said: "But the rules of principal and agent are not thus to be formulated. They are believed to be constant and not variable in response to the supposed exigencies of some particular situation. The question whether one person is the agent of another in respect of some transaction is to be determined by the fact that he represents and is acting for him rather than by the consideration that it will be inconvenient or unjust if he is not held to be his agent. If, contrary to ordinary rules, the owner of a car ought to be responsible for the carelessness of every one whom he permits to use it in the latter's own business, that liability ought to be sought by legislation as a condition of issuing a license rather than by some new and anomalous slant applied by the courts to the principles of agency."

Other cases in which the "family purpose" doctrine has been rejected and the common-law principles of master and servant or principal and agent applied are: *Norton* v. *Hall,* 149 Ark. 428, 232 S. W. 934, 19 A. L. R. 384; *Parker* v. *Wilson,* 179 Ala. 361, 368, 60 So. 150, 43 L. R. A. (N. S.) 87; *Spence*

v. *Fisher*, 184 Cal. 209, 193 Pac. 255, 14 A. L. R. 1083; *Myers* v. *Shipley*, 140 Md. 380, 116 A. 645, 20 A. L. R. 1460; *McGowan* v. *Longwood*, 242 Mass. 337, 136 N. E. 72, 23 A. L. R. 617; *Smith* v. *Dauber*, 155 Miss. 694, 125 So. 102; *Hays* v. *Hogan*, 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C, 715, Ann. Cas. 1918E, 1127; *Pratt* v. *Cloutier*, 119 Me. 203, 110 Atl. 353, 10 A. L. R. 1134; *Elms* v. *Flick*, 100 Ohio St. 186, 126 N. E. 66; *Martin* v. *Lilly*, 188 Ind. 139, 121 N. E. 443; *Stumpf* v. *Montgomery*, 101 Okla. 257, 266 Pac. 65, 32 A. L. R. 1490; *Schmitt* v. *Kier*, 111 Okla. 23, 238 Pac. 410; *Piquet* v. *Wazelle*, 288 Pa. 463, 136 Atl. 787; *Crossett* v. *Goelzer*, 177 Wis. 455, 188 N. W. 627; *Landry* v. *Richmond*, 45 R. I. 504, 124 Atl. 263, 32 A. L. R. 1500; *Lafond* v. *Richardson*, 84 N. H. 288, 149 Atl. 600; *Thompson* v. *Railways Co.*, 113 Kan. 74, 213 Pac. 633; *McFarlane* v. *Winters*, 47 Utah, 598, 155 Pac. 437, L. R. A. 1916D, 618; *Loehr* v. *Abell*, 174 Mich. 590, 140 N. W. 926; *Smith* v. *Callahan* (Del. Sup.), 144 Atl. 46, 64 A. L. R. 830; *Blair* v. *Broadwater*, 121 Va. 301, 93 S. E. 632, L. R. A. 1918A, 1011; *Green* v. *Smith*, 153 Va. 675, 151 S. E. 282; *Clawson* v. *Schroeder*, 63 Mont. 488, 208 Pac. 924.

We prefer the application of the rule as laid down in *Doran* v. *Thomsen, supra,* and *Van Blaricom* v. *Dodgson, supra,* and adopted by the decisions cited. It is fundamentally sound, and it is in accordance with the law of master and servant and of principal and agent as expounded in the decisions of this Court. See *Ploof* v. *Putnam*, 83 Vt. 252, 75 Atl. 277, 26 L. R. A. (N. S.) 251, 138 A. S. R. 1085; *Greenough* v. *United States Life Ins. Co.*, 96 Vt. 47, 52, 117 Atl. 332; *Goupiel* v. *Grand Trunk Ry. Co.*, 96 Vt. 191, 118 Atl. 586, 30 A. L. R. 690; *Gutzwiller* v. *American Tobacco Co.*, 97 Vt. 281, 122 Atl. 586; *Ronan* v. *Trumbull*, 99 Vt. 280, 131 Atl. 788; *Wing* v. *Martin*, 101 Vt. 108, 141 Atl. 602.

The defendant cites *Lewis* v. *Steele*, 52 Mont. 300, 157 Pac. 575; *McNeal* v. *McKain*, 33 Okla. 449, 126 Pac. 742, 41 L. R. A. (N. S.) 775; *Smith* v. *Jamison*, 89 Pa. Super. 99; *Litz* v. *Harman*, 151 Va. 363, 144 S. E. 477; and *Jaeger* v. *Salentine*, 171 Wis. 632, 177 N. W. 886, as cases in which the "family purpose" doctrine in its full scope has been adopted. So far as any of these cases adopt, or seem to adopt, the "family purpose" doctrine, they are overruled, modified, or distinguished by other cases from the same jurisdictions which we have already cited.

It is held by some of the courts that have rejected the "family purpose" doctrine in its full scope, that it is within the scope of a father's business to furnish his wife and children, who are living with him as members of his immediate family, with outdoor recreation just the same as it is his business to furnish them with food and clothing, or to minister to their health in other ways; that, where a father maintains an automobile for family purposes, and one member of the family takes other members on a pleasure ride, or uses the automobile on family errands, the circumstances may be such that the jury can find that the person operating the automobile was doing so as his father's servant. *Missell* v. *Hayes,* 86 N. J. Law, 348, 91 Atl. 322, 323. In this case where a son, at the time of an accident, was driving his father's car, which was kept for the use of the family, and the father's wife and daughter were in the car, and all three were members of the father's immediate family, it was held to be a jury question whether the son was the father's servant on the father's business, or whether the son was going to call on a friend, and his mother and sister were accompanying him on his invitation and as his guests. The lower court charged the jury in the language of *Doran* v. *Thomsen, supra,* as follows: "To constitute the relation of master and servant as to third persons, it is not essential that any actual contract should subsist between the parties or that compensation should be expected by the servant. While the relation of master and servant in its full sense invariably and only arises out of a contract between a servant and a master, yet such contract may be expressed or implied. The real test as to third persons, * * * * is whether the act is done by one for another, * * * * with the knowledge of the person sought to be charged as master, with his assent, expressed or implied, even though there was no request on his part to the other to do the act in question." It was held that there was no error in the charge. See, also, *Smith* v. *Jordan,* 211 Mass. 269, 97 N. E. 761; *Graham* v. *Page,* 300 Ill. 40, 132 N. E. 817; *Erlich* v. *Heis,* 193 Ala. 669, 69 So. 530; and *Crossett* v. *Goelzer, supra.* In *Jaeger* v. *Salentine, supra,* relied upon by the defendant, where the son was the only member of the family who could safely operate his father's car, and he was permitted by his father to drive when requested by another member of the family, it was held that the jury was warranted in finding that the son

in conveying his sister to town with his father's knowledge, was the servant and agent of his father and was acting within the scope of his employment.

The difference between the "family purpose" doctrine and the holding in *Missell* v. *Hayes,* is that, under the doctrine, where it is sought to hold a parent responsible for injuries negligently inflicted by a child while using the family car for his own personal pleasure or business, it is for the jury to say whether or not that is such a use by a family car as it is ordinarily or usually subjected to, while under the holding in *Missell* v. *Hayes* the parent is not liable if the child uses the family car for his own personal pleasure and business, but he is liable if the circumstances are such that it can be said that, in using the car, the child was the servant and agent of the parent and was acting within the scope of his employment. The question raised in *Missell* v. *Hayes* and similar cases is not before us in the instant case, and we do not pass upon it. We call attention to it because these cases are frequently cited as supporting the "family purpose" doctrine, when, in fact, they are decided upon the common-law principles of master and servant or principal and agent.

*Judgment Affirmed.*