GEORGE PFORR, PLAINTIFF, v. AMERICAN CAKE COMPANY AND STANDARD OIL COMPANY OF NEW JERSEY, DEFENDANTS.

Decided April 20, 1933.

For the plaintiff, *Carey & Lane*.

For the defendants, *Robert Gordon*.

ACKERSON, S. C. C. This matter comes before me upon a motion by Frank Gordon and Frank Schapiro, partners trading as the American Cake Company, for an order to dismiss the summons and complaint as to the defendant "American Cake Company," and to set aside the service thereof upon the ground that the "American Cake Company" is merely a trading name used by the said Frank Gordon and Frank Schapiro, as partners, and as such has no legal status and cannot, therefore, be a proper legal party to this suit.

Unfortunately, the question thus propounded cannot be decided on this motion, for the reason that the matter is presented upon the *ex parte* affidavits of the aforesaid individuals as partners which is not the proper practice in such cases.

As was pointed out by the Supreme Court in *Baldwin* v. *Flagg*, 43 *N. J. L.* 495, the proper practice to support motions (or, rather, as they should be, rules to show cause) of this character in courts of law, as by depositions taken under rule, upon notice, or in accordance with the rules of the Supreme Court, and not by *ex parte* affidavits, as was done in this case. *Missell* v. *Hayes*, 86 *Id.* 348 (at *p.* 351); 91 *Atl. Rep.* 322.

The plaintiff has submitted no affidavits, but this does not help the situation, because the *ex parte* affidavits which are before me cannot be considered for the reason above stated.

The present motion will, therefore, be denied without costs, and without prejudice to the right of the moving parties to bring the matter before the court upon rule to show cause and depositions taken thereunder upon notice pursuant to the rules of the Supreme Court.